**Ex parte David Cepeda ANCIRA.**

No. 14–96–01141–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 6, 1997.

Joseph R. Willie, II, Houston, for appellant.

Elaine S. Roch, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

MURPHY, Chief Justice.

Appellant, David Cepeda Ancira, appeals the district court's denial of his application for writ of habeas corpus. Appellant raises two points of error, contending that (1) the trial court erred in denying his application for writ of habeas corpus because he had been incarcerated for over 90 days without the state announcing ready, and (2) the trial court abused its discretion by resetting appellant's bail at an amount that was still excessive. Based on appellant's first point of error, we reverse the judgment of the trial court and grant appellant's writ of habeas corpus. Accordingly, we do not reach the merits of appellant's second point of error.

On May 31, 1996, a Harris County grand jury returned an indictment charging appellant with possession of at least 400 grams of cocaine with intent to manufacture or deliver. At the time of his indictment, appellant had already been incarcerated nearly a month—since May 8, 1996. The trial court set bail at $800,000. On July 8, 1996, appellant filed a writ of habeas corpus with the trial court, requesting that his bail be reduced from $800,000 to $10,000. The hearing on appellant's application was held on September 9, 1996, 124 days after his initial incarceration. Appellant presented uncontroverted evidence at the hearing that he could only afford a $50,000 bond. The trial court denied appellant's application but *sua sponte* reduced his bail to $200,000. Appellant now appeals from that denial.

Article 17.151 of the Code of Criminal Procedure, entitled "Release because of delay," provides, *inter alia:*

A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention if he is accused of a felony;

TEX.CODE CRIM. PROC. ANN. art. 17.151 (Vernon Supp.1996). The Legislature couched 17.151 in unmistakably mandatory terms: "[I]f the State is not ready for trial within 90 days after commencement of detention for a felony ... the trial court has two options: release upon personal bond or reduce the bail amount." *Rowe v. State*, 853 S.W.2d 581, 582 (Tex.Crim.App.1993).

The record in this case contains no showing by the State that it was ready for trial within 90 days of the commencement of appellant's detention. Under art. 17.151, the State bears the burden of making a prima facie showing that it was ready within the 90 day period, either by announcing within the allotted time that it is ready, or by announcing retrospectively that it had been ready within the allotted time. *Barfield v. State*, 586 S.W.2d 538, 542 (Tex.Crim.App.1979). In this case, the State did neither. Therefore, The Code of Criminal Procedure required the trial court either to release appellant on his own recognizance or reduce his bond to facilitate his release.

The State contends, however, that the trial court did not err in refusing to release appellant because Article 17.151 violates the separation of powers provision of the Texas Constitution by unduly interfering with the court's authority to set bail. TEX. CONST. art. II, § 1. The separation of powers provision forbids one branch of government from (1) assuming, or being delegated, a power that is more "properly attached" to another branch, *Ex parte Giles*, 502 S.W.2d 774, 780 (Tex. Crim.App.1973), or (2) unduly interfering with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers, *Rose v. State*, 752 S.W.2d 529, 535 (Tex.Crim.App.1987). The Texas Constitution vests the judicial power of the

State in the courts. TEX. CONST. art. V, § 1. The judicial power includes "the power (1) to hear evidence; (2) to decide the issues of fact raised by the pleadings; (3) to decide the relevant questions of law; (4) to enter a final judgment on the facts and the law; and (5) to execute the final judgment or sentence." *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239–40 (Tex.Crim.App.1990) (citations omitted).

While the Legislature may not usurp judicial functions, it wields ultimate constitutional authority over judicial administration. *Id.* The Legislature has "complete authority to pass any law regulating the means, manner, and mode of assertion of any of [a defendant's] rights in the court." *Meshell v. State*, 739 S.W.2d 246, 255 (Tex.Crim.App.1987) (citing *Johnson v. State*, 42 Tex.Cr. 87, 58 S.W. 60, 71 (1900)). The Court of Criminal Appeals has vitiated the separation of powers conflict between "judicial powers" and "judicial administration" by limiting the authority of the Legislature in this area. The Legislature may provide procedural guidelines to aid in judicial administration, but it may not create substantive "rights": "Permitting such a result would by implication give the Legislature unlimited power to infringe upon the substantive power of the Judicial department under the guise of establishing 'rules of court,' thus rendering the separation of powers doctrine meaningless." *Meshell*, 739 S.W.2d at 255. Therefore, we must first determine whether 17.151 merely established procedural guidelines or created a substantive right.

The Court of Criminal Appeals, contemplating whether art. 17.151 violated the separation of powers provision by unduly interfering with the *prosecutorial* function, held that 17.151 did create a new right. *Jones v. State*, 803 S.W.2d 712, 716 (Tex.Crim.App. 1991) ("In enacting 17.151, ... the Legislature has exercised [its general plenary] power to establish a new right."). Our consideration, then, turns to whether this right "infringes upon, or, in the language adopted by *Armadillo Bail Bond*, 'unduly interferes' with" the court's judicial function. *Id.* "Only if it does, need we look for some right or power in the constitution, independent of

the constitutionally assigned [judicial power], that justifies legislative action and trumps the Article II, Sec. 1 requirement of separation of powers." *Id.*

The *Jones* court determined 17.151 did not infringe upon a prosecutorial function, but did not decide the "potentially prickly" question of whether 17.151 interfered with the "uniquely judicial function" of setting bail. *Id.* at 716 n. 3. However, under *Jones'* reasoning, the right created by 17.151 falls within the constitutionally mandated power of the legislature and does not violate separation of powers by interfering with the powers of the judiciary. First, the *Jones* court noted that the Legislature may create a new right under its general plenary power only "if that right [does] not infringe upon another department's separate power." *Id.* at 716. Then, later in the opinion, the Court asserted that "surely it is within the plenary power of the Legislature to provide that under certain circumstances an accused be released pending the outcome of his trial." *Id.* at 717. If the Legislature may only exercise its plenary power when that exercise does not infringe on the powers of another department, and the Legislature "surely" may exercise its plenary power to create a right such as that contained in 17.151, the legislative creation of 17.151 could not infringe upon the separate power of the judiciary. We therefore conclude that in passing 17.151 the Legislature did not assume a power that is more "properly attached" to another branch, or unduly interfere with another branch so that branch could not effectively exercise its constitutionally assigned powers. We hold that under 17.151, appellant is entitled to be released either on personal bond or by a reduction in the amount of the bail required. *See id.* at 718.

∎ As set forth above, the record in this case reflects that appellant can afford a maximum bond of $50,000. We have held that appellant is entitled, pursuant to 17.151, to be released either on personal bond or by reduction in the amount of the bond required. The trial court elected to reduce appellant's bond to $200,000, an amount in excess of what the record reflects appellant can afford. Such action is inconsistent with the Court of

Criminal Appeal's interpretation of article 17.151 in *Rowe* that if the trial court chooses to reduce the amount of bail required, it *must* reduce bail to an amount that the record reflects the accused can make in order to effectuate release. *Rowe*, 853 S.W.2d at 582 n. 1. Accordingly, we reverse the judgment below and remand this cause to the trial court with instructions to reduce appellant's bail to an amount shown by the record to be within appellant's means.