**Ex parte Angel AVILA.**

**No. 10–06–00102–CR.**

Court of Appeals of Texas, Waco.

June 21, 2006.

Michele Esparza, Bryan, for Appellant/Relator.

Bill R. Turner, Brazos County Dist. Atty., Douglas Howell III, Brazos County Asst. Dist. Atty., Bryan, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

■ Angel Avila, Appellant, was arrested and jailed on September 27, 2005 for allegedly shooting three men. The next day, a magistrate set bail on each shooting at $300,000. On January 5, 2006—more than 90 days after his arrest—Avila, who remained in jail, was indicted on three counts of aggravated assault with a deadly weapon. Several months later, Avila filed

an application for a writ of habeas corpus and requested release under a personal recognizance bond or, alternatively, a bail reduction to $10,000. At the hearing on Avila's application, Avila's attorney, citing article 17.151 of the Code of Criminal Procedure, argued for only a personal recognizance bond because his indigence prevented him from posting a bond in any amount. The trial court reduced bail to $10,000 on each count.

Avila appeals, asserting that the trial court abused its discretion by failing to release Avila under a personal recognizance bond. *See* TEX.R.APP. P. 31. We have jurisdiction of an appeal of a trial court's denial of habeas corpus relief. *E.g., Ex parte Davis,* 147 S.W.3d 546 (Tex. App.-Waco 2004, no pet.); *see also Pharris v. State,* 196 S.W.3d 369, 372 n. 4 (Tex. App.-Houston [1st Dist.] 2006, no pet. h.). We review a trial court's pretrial bail determination under an abuse-of-discretion standard. *Ex parte Rubac,* 611 S.W.2d 848, 850 (Tex.Crim.App. [Panel Op.] 1981); *Davis,* 147 S.W.3d at 548. A habeas applicant bears the burden of proving that his bail is excessive. *Rubac,* 611 S.W.2d at 849; *Davis,* 147 S.W.3d at 548.

Article 17.151 provides in pertinent part:

> Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:
>
> (1) 90 days from the commencement of his detention if he is accused of a felony; . . . .

TEX.CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (Vernon Supp.2005). "When there is no indictment, the State cannot announce ready for trial." *Ex parte McNeil,*

772 S.W.2d 488, 489 (Tex.App.-Houston [1st Dist.] 1989, orig. proceeding) (citing *Pate v. State,* 592 S.W.2d 620, 621 (Tex. Crim.App.1980)).

The Houston First Court recently examined article 17.151:

> Section 17.151 is mandatory. *See Rowe v. State,* 853 S.W.2d 581, 583 (Tex. Crim.App.1993). If the State is not ready for trial within 90 days after commencement of detention for a felony, the trial court has two options: to release the defendant upon personal bond or to reduce the amount of bail. *See id.* at 583; *see also* TEX.CODE CRIM. PROC. ANN. art. 17.151. Moreover, the trial court "*must* reduce bail to an amount that the record reflects the accused *can make* in order to effectuate release." *Id.* at 582 n. 1 (second emphasis added). *Rowe* has not been modified in any way by the Court of Criminal Appeals, and other intermediate appellate courts have noted that *Rowe* controls this question. *See Ex Parte Ancira,* 942 S.W.2d 46, 47 (Tex.App.-Houston [14th Dist.] 1997, no writ); *see also Ex Parte Tellez,* No. 04–04–00897–CR, 2005 WL 1277660, at *1 (Tex.App.-San Antonio Jun. 1, 2005, orig. proceeding) (not designated for publication).

*Pharris,* 196 S.W.3d at 373–74.

We hold that the trial court abused its discretion in not following *Rowe*'s dictates that it must set bail at an amount that the record reflects Avila *can make* or release him on a personal recognizance bond. The evidence adduced at the hearing shows: Avila was self-employed as a car painter and earned approximately $1,200 per month, which he used to support his wife and child; Avila has had no means of support since his September 2005 incarceration; his wife and parents have no money to give him to post a bond; he has no money or a vehicle; and the trial

court had found Avila indigent. The record shows that Avila could not post bond in any amount; accordingly, the trial court should have released Avila on a personal recognizance bond.[1] *See Rowe,* 853 S.W.2d at 582; *Ex parte Kernahan,* 657 S.W.2d 433, 434–35 (Tex.Crim.App.1983); *McNeil,* 772 S.W.2d at 490.

We reverse the trial court's order setting bail at $10,000 on each count and remand the cause to the trial court with instructions to release Avila on a personal recognizance bond.

---

1. The State's position is that, because Avila's sworn application requested a personal recognizance bond or, alternatively, a $10,000 bond, the record supports that Avila could make at least a $10,000 bond. But given Avila's subsequent testimony on his ability to post bond, the mandatory nature of article 17.151, and the applicable case law, we decline to follow the State's argument.