**Ex parte Cloise Dwayne HICKS.**

**No. 10–08–00143–CR.**

Court of Appeals of Texas,
Waco.

June 18, 2008.

Denton B. Lessman, Law Office of Denton B. Lessman, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

BILL VANCE, Justice.

Cloise Dwayne Hicks, Appellant, was arrested and jailed on January 9, 2008 for possession of a controlled substance and credit card abuse. Bail was set at $7,500 and $3,000, respectively. After more than 90 days after his arrest and having not been indicted, Hicks, who remained in jail, filed an application for a writ of habeas corpus and requested release under a personal recognizance bond or, alternatively, a

bail reduction. At the hearing on Hicks's application, his attorney, citing article 17.151 of the Code of Criminal Procedure, argued for only a personal recognizance bond based on Hicks's testimony that he doesn't have the financial ability to pay any amount of bail and that he cannot borrow to pay any amount of bail. The trial court reduced bail to $6,000 and $2,500, respectively.

■ Hicks appeals, asserting that the trial court erred by failing to release him under a personal recognizance bond. *See* TEX.R.APP. P. 31. We have jurisdiction of an appeal of a trial court's denial of habeas corpus relief. *E.g., Ex parte Avila,* 201 S.W.3d 824, 826 (Tex.App.-Waco 2006, no pet.). We review a trial court's pretrial bail determination under an abuse-of-discretion standard. *Ex parte Rubac,* 611 S.W.2d 848, 850 (Tex.Crim.App. [Panel Op.] 1981); *Avila,* 201 S.W.3d at 826. A habeas applicant bears the burden of proving that his bail is excessive. *Rubac,* 611 S.W.2d at 849; *Avila,* 201 S.W.3d at 826.

Article 17.151 provides in pertinent part:

Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention if he is accused of a felony; . . . .

TEX.CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (Vernon Supp.2007). "When there is no indictment, the State cannot announce ready for trial." *Ex parte McNeil,* 772 S.W.2d 488, 489 (Tex.App.-Houston 1989, orig. proceeding) (citing *Pate v. State,* 592 S.W.2d 620, 621 (Tex.Crim.App. 1980)); *see Avila,* 201 S.W.3d at 826.

In examining article 17.151, the Houston First Court stated:

Section 17.151 is mandatory. *See Rowe v. State,* 853 S.W.2d 581, 583 (Tex. Crim.App.1993). If the State is not ready for trial within 90 days after commencement of detention for a felony, the trial court has two options: to release the defendant upon personal bond or to reduce the amount of bail. *See id.* at 583; *see also* TEX.CODE CRIM. PROC. ANN. art. 17.151. Moreover, the trial court *"must* reduce bail to an amount that the record reflects the accused *can make* in order to effectuate release." *Id.* at 582 n. 1 (second emphasis added). *Rowe* has not been modified in any way by the Court of Criminal Appeals, and other intermediate appellate courts have noted that *Rowe* controls this question. *See Ex Parte Ancira,* 942 S.W.2d 46, 47 (Tex.App.-Houston [14th Dist.] 1997, no writ); *see also Ex Parte Tellez,* No. 04–04–00897–CR, 2005 WL 1277660, at *1 (Tex.App.-San Antonio Jun.1, 2005, orig. proceeding) (not designated for publication).

*Pharris v. State,* 196 S.W.3d 369, 373–74 (Tex.App.-Houston [1st Dist.] 2006, no pet.).

The evidence before the trial court on what amount of bail Hicks could make was:

Q. And you have informed me that you do not have the financial ability by borrowing money or financial reserves yourself to pay these amounts of bonds, correct?

A. Yes, sir.

Q. And, in fact, you don't have the financial ability to really pay any amount of bond; is that correct?

A. Yes, sir.

Q. And you're not able to borrow any—

A. Yes, sir.

Q. —correct? You—how long have you lived in the Waco Community?

A. All my life.

The State's position is that, because Hicks's application requested a personal recognizance bond or, alternatively, a bail reduction, the trial court did not abuse its discretion in reducing bail. Given Hicks's subsequent testimony on his inability to post bond, the mandatory nature of article 17.151, and the applicable case law, we reject this part of the State's argument. *See Avila,* 201 S.W.3d at 827 n. 1.

The State also posits that the trial court could have disbelieved Hicks's testimony that he could not make bail in any amount. But the only evidence before the trial court was the above-quoted testimony, which the State failed to subject to cross-examination.

■ Accordingly, we hold that the trial court abused its discretion in not following *Rowe's* dictates that it must set bail at an amount that the record reflects Hicks *can*

*make* or release him on a personal recognizance bond. *Id.* at 826. The record shows that Hicks could not post bond in any amount; accordingly, the trial court should have released him on a personal recognizance bond. *See Rowe,* 853 S.W.2d at 582; *Ex parte Kernahan,* 657 S.W.2d 433, 434–35 (Tex.Crim.App.1983); *Avila,* 201 S.W.3d at 826–27; *McNeil,* 772 S.W.2d at 490. We sustain Hicks's sole issue.

We reverse the trial court's order setting bail at $6,000 and $2,500, respectively, and remand the cause to the trial court with instructions to release Hicks on a personal recognizance bond.

(Chief Justice GRAY dissents with a note).*

* (For four reasons I dissent.

First, the record in this appeal does not contain the required certification of the defendant's right to appeal. Tex.R.App. P. 25.2(d). "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." *Id.* On this record we should dismiss this appeal.

Second, the appellant failed to meet the burden of proof required to obtain release on personal recognizance bond. The defendant proved that he could not obtain a bond. Based upon the record, it does not surprise me that he cannot obtain a bond. If I was a bondsman, and based on this record, I would not post a bail bond for Mr. Hicks. The risk is too great. Hicks did not, however, establish what amount he could pay for bail. That is the proof required.

Third, as an appellate court we should not set the amount of bail nor require that Hicks be released on a personal recognizance bond. Assuming that the defendant had proved the inability to pay any amount of bail at all, the Court should, at most, remand for further

proceedings consistent with the Court's opinion. The situation may have changed in the 60 days since the hearing on the prior petition for Writ of Habeas Corpus. See *Ex Parte Davis,* 147 S.W.3d 546, 554 n. 1 (Tex.App.-Waco 2004, no pet.)(Chief Justice Gray dissenting).

Forth and finally, I also note that Hicks did get some relief, a reduction in the amount of bail required to obtain a pretrial release. He prayed for release on a personal recognizance bond or "given bail in an amount that can be posted." As noted above, he failed to prove the amount of bail he could post, even if he proved that he could not obtain a bail bond in any amount. Thus, I cannot say that the trial court, on this record, abused its discretion in the amounts it set for bail on each count. Further, when the Court discusses the State's arguments that the trial court could have disbelieved Mr. Hicks's testimony, the Court states that the State "failed" to subject Mr. Hicks to cross-examination. The State had no duty to cross-examine Mr. Hicks. Mr. Hicks had the burden to prove the facts nec-

essary to obtain relief. I believe he failed to sustain his burden of proof.

For these reasons, I respectfully dissent.)