

# IN THE
# TENTH COURT OF APPEALS

No. 10-09-00379-CR

## EX PARTE ROBERT M. REMEIKA, JR.,

From the 278th District Court
Walker County, Texas
Trial Court No. 24,807

## MEMORANDUM OPINION

Robert M. Remeika, Jr. filed an application for writ of habeas corpus alleging that he should be released on a personal recognizance bond because the State was not ready to try him within ninety days of his arrest. The trial court granted the writ, held a hearing, and denied relief. Remeika appeals. We will affirm.

The record shows that Remeika was in the Madison County jail awaiting trial on a charge of attempted capital murder. On April 23, 2009, the Walker County Sheriff's Office placed a detainer (a hold) on Remeika because of a pending Walker County arrest warrant for aggravated assault with a deadly weapon. On April 24, a Madison County Justice of the Peace arraigned Remeika pursuant to the Walker County arrest

warrant, and Remeika said he was given paperwork from that event.[1]  Remeika opined that he had an arrest warrant served on him on that occasion.

Remeika eventually made bond in Madison County and, pursuant to Walker County's detainer, he was transferred from the Madison County jail to the Walker County jail on September 1, 2009.  On the next day, bond for Remeika was set at $25,000 on the Walker County charge of aggravated assault with a deadly weapon, and he filed his application for writ of habeas corpus, which alleged that he has been in custody on that charge since April 23, when Walker County placed a hold on him.  Remeika testified that he was indigent and that the only bond he could make was a personal recognizance bond.  A Walker County grand jury indicted Remeika on September 16. Remeika admitted that he was not taken into custody by Walker County until September 1.

Remeika alleges that because Walker County did not indict him within ninety days of April 23, the State was not ready for trial and he is entitled to be released on a personal recognizance bond under article 17.151 of the Code of Criminal Procedure. The State argued to the trial court that Remeika was not "arrested" by the Madison County Justice of the Peace and that article 17.151's ninety-day period did not

---

[1] The Clerk's Record contains an exhibit that includes a "warning of rights" by a Madison County Justice of the Peace to Remeika and a teletype of the "hold" on Remeika that Walker County was requesting. The caption on the warning sheet is "State of Texas County of Madison," after which is handwritten "for Walker Co."  It references case no. 09-0348 and warrant no. 109F042.  The document is part of "Applicant's Exh. #1 9-29-09" in the Clerk's Record and appears to be the exhibit that was admitted (the exhibit is not included in the Reporter's Record) at the continuation of the hearing on September 29, 2009.

commence until September 1, when Walker County began to detain Remeika.[2]  The trial court denied Remeika's application.

Remeika appeals, asserting in one issue that the trial court erred by failing to release him under a personal recognizance bond.  *See* TEX. R. APP. P. 31.  We have jurisdiction of an appeal of a trial court's pretrial denial of habeas corpus relief.  *E.g., Ex parte Avila*, 201 S.W.3d 824, 826 (Tex. App.—Waco 2006, no pet.).  We review a trial court's pretrial bail determination under an abuse-of-discretion standard.  *Ex parte Rubac,* 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); *Avila,* 201 S.W.3d at 826.

Article 17.151 provides in pertinent part:

> Sec. 1.  A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:
> (1) 90 days from the commencement of his detention if he is accused of a felony; . . . .

TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (Vernon Supp. 2009).  "When there is no indictment, the State cannot announce ready for trial."  *Ex parte McNeil,* 772 S.W.2d 488, 489 (Tex. App.—Houston 1989, orig. proceeding) (citing *Pate v. State,* 592 S.W.2d 620, 621 (Tex. Crim. App. 1980)); *see Avila,* 201 S.W.3d at 826.

Nothing in the paperwork that Remeika was given and that he offered as an exhibit shows that he was arrested pursuant to the Walker County arrest warrant when the Madison County Justice of the Peace arraigned him on April 23.  Furthermore, while

---

[2] The State did not file a brief in this appeal, so we rely on its arguments made to the trial court.

Remeika was being detained in the Madison County jail on the Madison County charge of attempted capital murder, he indisputably was being detained by Madison County, not by Walker County. Therefore, Remeika's detention in Madison County does not factually fit within article 17.151, which applies only "if the state is not ready for trial *of the criminal action for which he is being detained*." TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (emphasis added).

Finally, Remeika cites no authority for his position that Walker County's hold on Remeika amounted to Walker County's detention for purposes of article 17.151. The only authority that we find contradicts Remeika's position. *See Balawajder v. State,* 759 S.W.2d 504, 506 (Tex. App.—Fort Worth 1988, pet. ref'd). The accused was in custody in Oklahoma on August 14, 1985, when Tarrant County placed a detainer on him for charges of aggravated rape and aggravated robbery that were made on the same date. The accused was transferred to Dallas County, where he was tried, convicted, imprisoned, and released on parole. On June 10, 1987, Brazoria County officials arrested the accused at the request of Tarrant County, and he was surrendered to Tarrant County authorities on June 14, 1987. The court held that the ninety-day period in article 17.151 for determining whether the State was ready for trial did not begin until the accused's arrest at the request of Tarrant County. *Id.*

We similarly hold that the ninety-day period for determining whether the State was ready for trial on the Walker County charge against Remeika for aggravated assault with a deadly weapon did not begin until September 1, when Remeika was transferred from Madison County jail to Walker County jail. Accordingly, the trial

court did not abuse its discretion in denying Remeika's application.  We overrule

Remeika's sole issue and affirm the trial court's order denying habeas corpus relief.


                                           REX D. DAVIS
                                           Justice

Before Chief Justice Gray,
       Justice Reyna, and
       Justice Davis
Affirmed
Opinion delivered and filed April 14, 2010
Do not publish
[CR25]