COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-10-011-CR

 

 

EX
PARTE PHILLIP A. CASTELLANO

 

 

                                                       ------------

 

                   FROM
THE 97TH DISTRICT COURT OF CLAY COUNTY

 

                                                       ------------

 

                                                      OPINION

 

                                                       ------------

Appellant
Phillip A. Castellano appeals the trial court=s
denial of relief on his pretrial application for writ of habeas corpus.  In a single issue, Castellano
argues that the trial court abused its discretion by not reinstating the
personal bond that had been granted him pursuant to code of criminal procedure
article 17.151.  Tex.
Code Crim. Proc. Ann. art. 17.151 (Vernon Supp. 2009).  We will reverse and remand.

This
appeal is presented on stipulated facts. 
Castellano and the State entered into the
following stipulation of evidence, which the trial court admitted at the
hearing on the application:








1.       Phillip A. Castellano,
the Defendant in this cause, was arrested without a warrant in Clay County,
Texas by a Texas Department of Public Safety Trooper and charged with the
felony offense of Possession of a Controlled Substance on July 25, 2008.

 

2.       The Defendant=s bond was set at
$10,000.  The Defendant was found to be
indigent and counsel was appointed to represent him.  The Defendant was financially unable to make
his bail at the amount set by the magistrate.

 

3.       The Defendant remained continuously
incarcerated on the charge in the Clay County Jail for more than ninety (90)
days without being indicted.  During the
initial ninety days of his incarceration the State was not ready for
trial.  On October 24, 2008 the State
agreed to release the Defendant on a personal recognizance bond[[1]]
pursuant to Art. 17.151, Code of Criminal Procedure.

 

4.       The Defendant posted a personal
recognizance bond and was released from the Clay County [J]ail on October 24,
2008.

 

5.       On September 21, 2009 the Defendant was
indicted by the Clay County Grand Jury on the same charge.[[2]]  The District Court set the Defendant=s bond at $100,000
and ordered his arrest by capias.  The Defendant was re-arrested and jailed a
second time for the same charge.

 








6.       The Defendant was not arrested or charged
with any other or additional offense other than the original charge for which
he received a personal recognizance bond. 
No bond hearing was requested or held regarding the revocation or
continuation of the Defendant=s original personal
recognizance bond.

 

7.       The Defendant remains indigent and
financially unable to post the bond set by the Court, or a bond in any amount.

 

The following exchange
occurred between the trial court and Castellano at
the writ hearing:

THE
COURT:  So we=re
faced with a situation where the initial bond is set; then because of the delay
of getting test results back from the DPS lab with
regard to what the seized substance is, a defendant is entitled to a personal
recognizance bond.  And then after
indictment when I set a bond - - Tim, your position is:  He=s still entitled to
remain out on personal recognizance bond?

 

[Castellano=s counsel]:  That=s correct, Judge.

 

THE
COURT:  Okay.  I=m
going to deny [the] application for writ of habeas corpus.

 

In
his only issue, Castellano argues that the trial
court abused its discretion by not reinstating the personal bond that had been
granted him on October 24, 2008, pursuant to article 17.151 because, having
been released on personal bond, nothing in article 17.151 permitted the State
to rearrest him and to begin anew the ninety-day
period in that article as a result of only the post-release return of
the indictment against him.  Castellano contends that A[a]rticle 17.151 contains no exceptions that allow the bond to
be reset or reinstated once a defendant is indicted after his initial release.@

We
review a trial court=s decision to deny relief on
a claim that the State violated article 17.151 for an abuse of discretion.  Ex parte Craft, 301 S.W.3d 447, 448 (Tex. App.CFort
Worth 2009, no pet.); see Jones v. State, 803 S.W.2d
712, 719 (Tex. Crim. App. 1991). 
Therefore, we will not disturb the trial court=s
ruling if it was within the zone of reasonable disagreement.  Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

A
defendant who is detained in jail pending trial of a felony accusation against
him must be released either on personal bond or by reducing the amount of bail
required if the State is not ready for trial of the criminal action for which
he is detained within ninety days from the commencement of his detention.  Tex. Code Crim. Proc. Ann.
art. 17.151, ' 1(1).[3]  AThe
Legislature couched [article] 17.151 in unmistakably mandatory terms:  >[I]f
the State is not ready for trial within 90 days after commencement of detention
for a felony . . . the trial court has two options:  release upon personal bond or reduce the bail
amount.=@  Ex parte Ancira,
942 S.W.2d 46, 47 (Tex. App.CHouston
[14th Dist.] 1997, no pet.) (citing Rowe v. State,
853 S.W.2d 581, 582 (Tex. Crim. App. 1993)); see Kernahan v. State, 657 S.W.2d
433, 434 (Tex. Crim. App. 1983).

When
the defendant complains that the State was not ready within the statutory time
period, the State has the burden to make a prima facie showing that it was
ready within the applicable time period. 
Jones, 803 S.W.2d at
717.  The State may accomplish
this either by announcing ready within the time allotted or by announcing
retrospectively that it had been ready within the time allotted.  Id. 
The State cannot announce ready for trial when there is no
indictment.  Ex parte McNeil, 772 S.W.2d 488, 489 (Tex. App.CHouston
[1st Dist.] 1989, no pet.) (citing Pate v. State,
592 S.W.2d 620, 621 (Tex. Crim. App. [Panel Op.]
1980)).  AIt
is not enough that the State appear in open court after the running of the
applicable period and declare itself at that time ready for trial.@  Jones, 803 S.W.2d at 717.

This
appeal is different from the vast majority of habeas corpus appeals involving
article 17.151 because Castellano is challenging the
trial court=s
order declining to reinstate the personal bond that had previously been
granted him under article 17.151 but revoked following his indictment.  Cf. Craft, 301 S.W.3d at 448B49
(reversing trial court=s order denying habeas
relief under article 17.151); Ex parte Hicks, 262 S.W.3d
387, 389 (Tex. App.CWaco
2008, no pet.) (reversing trial court=s
order setting bail and remanding cause to the trial court with instructions to
release appellant on personal bond); Ex parte Avila, 201 S.W.3d 824, 826B27
(Tex. App.CWaco
2006, no pet.) (reversing trial court=s
order setting bail and remanding cause to the trial court with instruction to
release appellant on personal bond); Ex parte Venegas,
116 S.W.3d 160, 163B65
(Tex. App.CSan
Antonio 2003, no pet.) (reversing trial court=s
order denying appellant=s motion for bond under
section 17.151); Haynes v. State, No. 11-09-00135-CR, 2009 WL 2680744,
at *1 (Tex. App.CEastland Aug. 28, 2009, no
pet.) (mem. op., not designated for publication) (reversing trial court=s
order denying appellant=s application under article
17.151).  We have located only one case
containing similar facts and addressing this similar issue:  Ex parte Griffin, Nos. 05-02-00803-CR,
05-02-00804-CR, 2002 WL 1822726, at *1B2
(Tex. App.CDallas
Aug. 9, 2002, no pet.) (not designated for
publication).

In Griffin,
authorities arrested Griffin for two charges of aggravated robbery in November
2001.  Id. at
*1.  In February 2002, the trial
court released Griffin on two personal bonds pursuant to article 17.151 because
the State was not ready to proceed to trial within ninety days.[4]  Id. 
In March 2002, Griffin was arrested on a misdemeanor theft charge and
later released on a $150 bond, but the State made no attempt to revoke the two
personal bonds based on his arrest for the new misdemeanor charge.  Two weeks later, the grand jury returned
indictments charging Griffin with aggravated robbery, and authorities arrested
Griffin the following day.  Id.  The trial court revoked the personal bonds
and set the bonds at $50,000 each. 
Again, Griffin filed applications for writs of habeas corpus, seeking
either a bond reduction or release on personal bond because the State was not
ready for trial within ninety days of Griffin=s
initial arrest for the aggravated robbery charges.  Id. 
The trial court denied the habeas relief and continued the bonds at
$50,000.  Id.  Griffin appealed, and the court of appeals
reversed the trial court=s order denying Griffin=s
application and remanded the cause to the trial court
with directions to enter an order releasing Griffin on personal bonds.  Id. at *2.  The court reasoned as follows:

[I]t is undisputed
that [Griffin] was not indicted until 127 days after he was first detained on
the aggravated robbery charges.  Thus,
the State was not ready for trial within ninety days of [Griffin=s] initial detention
and, pursuant to article 17.151, [Griffin] was
entitled to release at the time the first motion was filed, either on personal
bond or by reducing the amount of bail required for a felony offense.  In reaching this conclusion, we necessarily
reject the State=s suggestion that the
return of the indictments was a circumstance supporting the trial court=s denial of the
relief [Griffin] requested.  The statute
requires the State to announce ready within ninety days after commencement of
detention.[[5]]  The statute does not permit the State to
obtain an indictment, rearrest [Griffin] and begin
the ninety day period anew from the date of the indictment or rearrest.  To accept
the State=s argument would
render article 17.151 meaningless, and we decline to do so.

 

Id.
(emphasis added).

To
the extent the court of appeals in Griffin held that article 17.151 does
not permit the State to rearrest a defendant who had
previously been released on personal bond under article 17.151 and to begin
anew the ninety-day period in that article as a result of only the
post-release return of the indictment against the defendant, we agree with this
holding and find it applicable to the narrow issue raised by Castellano in this appeal. 
The stipulated evidence demonstrates that the trial court released Castellano on personal bond pursuant to article 17.151
after he had remained continuously incarcerated on the possession charge for
more than ninety days without being indicted. 
The State thereafter rearrested Castellano
after he was indicted for the same possession offense.  As addressed below, the return of the
indictment is the only evidence in the record that supports the trial court=s
decisions to revoke Castellano=s
personal bond, to set the bond at $100,000, and to deny his requested relief to
reinstate the personal bond.  Article
17.151, however, Adoes not permit the State to
obtain an indictment, rearrest [Castellano][,] and begin the ninety day period anew from the date of
the indictment or rearrest.@  Id.

The
State argues that the trial court did not abuse its discretion by denying Castellano=s
requested relief because article 17.09 authorizes a trial judge to require the
accused to give another bond in such amount as the judge may deem proper for
any Agood
and sufficient cause.@  Indeed, to the extent the court of appeals=s
holding in Griffin can be construed to mean that a trial court may never
revoke a defendant=s personal bond after
having released the defendant on personal bond pursuant to article 17.151, we disagree with any such holding.  Code of criminal procedure article 17.09,
section 3 permits a judge or magistrate who Afinds
that the bond is defective, excessive or insufficient in amount, or that the
sureties, if any, are not acceptable, or for any other good and sufficient
cause@ to Aorder
the accused to be rearrested, and require the accused to give another bond in
such amount as the judge or magistrate may deem proper.@  Tex. Code Crim. Proc. Ann.
art. 17.09, ' 3
(Vernon Supp. 2009).  But whether
the return of the felony indictment against Castellano
on September 21, 2009, was an event constituting Agood
and sufficient cause@ under article 17.09,
section 3 (and thus possibly supporting the trial court=s
denial of relief on that ground) is not a consideration in this appeal because
the stipulated facts contain no evidence that the State ever initiated procedures
against Castellano in which it sought relief
consistent with article 17.09, section 3 or that the trial court ever held a
bond hearing regarding the revocation of Castellano=s
personal bond.  In other words, there is
no evidence that the trial court revoked Castellano=s
personal bond and set his bond at $100,000 pursuant to 17.09, section 3.  Instead, stipulation of evidence number six
states in relevant part that A[n]o
bond hearing was requested or held regarding the revocation or continuation of
[Castellano=s]
original personal recognizance bond.@  The limited facts of this case therefore
bring this appeal within only the express holding of Griffin.[6]








Accordingly,
we sustain Castellano=s
only issue, reverse the trial court=s
order denying habeas relief, and remand this case to the trial court with
directions to enter an order releasing Castellano on
personal bond.

 

 

BILL MEIER

JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
MCCOY and MEIER, JJ.

 

PUBLISH

 

DELIVERED:  August 12, 2010











[1]The stipulated
evidence refers to Castellano as being released on a Apersonal recognizance
bond.@  AAlthough this is a commonly-used term, the
pertinent statutes use the term >personal bond.=@  Watson v. State, 158 S.W.3d 647, 648 n.1 (Tex. App.CWaco 2005, no pet.)
(citing Tex. Code Crim. Proc. Ann. art. 17.03 (Vernon Supp. 2009), 17.031
(Vernon 2005), 17.032 (Vernon Supp. 2009), 17.04 (Vernon 2005)); see Lee v.
State, 641 S.W.2d 533, 534 n.1
(Tex. Crim. App. 1982) (AThere is no form of
bail known as a >personal recognizance
bond= in Texas criminal
practice.@).





[2]The grand jury
indicted Castellano for the first-degree felony
offense of possession of a controlled substance weighing more than 200 grams
but less than 400 grams.  See Tex.
Health & Safety Code Ann. ' 481.115(e)
(Vernon 2010).





[3]Section 2 of article
17.151 specifically provides,

 

Sec.
2.  The provisions of this article do not apply
to a defendant who is:

 

(1) serving a
sentence of imprisonment for another offense while the defendant is serving
that sentence;

(2) being detained
pending trial of another accusation against the defendant as to which the
applicable period has not yet elapsed;

(3) incompetent to
stand trial, during the period of the defendant=s incompetence; or

(4) being detained for a violation of the conditions of a
previous release related to the safety of a victim of the alleged offense or to
the safety of the community under this article.

 

Tex. Code Crim. Proc. Ann. art. 17.151,
' 2.  None of the exceptions are applicable to this
appeal.





[4]The State had not
obtained indictments against Griffin at that time.  Griffin, 2002 WL
1822726, at *1.





[5]But see Dixon v.
State,
866 S.W.2d 115, 116 (Tex. App.CWaco 1993, no pet.) (stating that article 17.151 Adoes not require the
State to >announce= its readiness for
trial within ninety days.@).





[6]The case law that the
State directs us to is equally inapposite. 
See Smith v. State, 161 S.W.3d 191, 192
(Tex. App.CTexarkana 2005, no pet.); Haynes, 2009
WL 2680744, at *1.