

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00115-CR

## EX PARTE HAMIS ATHOMAN CHANDE,

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2012-561-C2**

## MEMORANDUM OPINION

Appellant, Hamis Athoman Chande, appeals the trial court's ruling on his application for writ of habeas corpus. We affirm.[1]

### I.  BACKGROUND

On November 10, 2011, Chande was arrested for the offense of unlawful possession of more than one gram but less than four grams of cocaine with intent to deliver in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), (c), 481.134 (West 2010 & Supp. 2011). According to Chande's application for writ of habeas corpus, he was not indicted within ninety days of his arrest. Subsequently, Chande's trial counsel filed a habeas corpus application under article 17.151 of the code of

---

[1] On May 30, 2012, the State filed a motion to dismiss this appeal. In light of our opinion, we dismiss the State's motion as moot.

criminal procedure, requesting: (1) that he be released on a personal-recognizance bond; or (2) a reduction in the amount of bail required for release. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151 (West Supp. 2011). After a hearing, the trial court granted Chande's habeas corpus application, but only reduced his bail amount from $25,000 to $5,000, rather than granting him a personal-recognizance bond.

Thereafter, Chande filed, in this Court, a pro se notice of appeal and a pro se "Motion to Appeal 'A Denial of Application for Writ of Habeas Corpus' and Seeking Release Because of Delay Under Article 17.151." In his pro se filings, Chande contended that he was entitled to a personal-recognizance bond because the State was not ready for trial within ninety days of his arrest and because he could only "raise the funds required to pay a personal bond's [sic] fee of $20.00."

## II. APPLICABLE LAW

We have jurisdiction over an appeal of a trial court's pre-trial denial of habeas corpus relief. *See, e.g., Ex parte Avila*, 201 S.W.3d 824, 826 (Tex. App.—Waco 2006, no pet.); *Ex parte Remeika*, No. 10-09-00379-CR, 2010 Tex. App. LEXIS 2717, at *3 (Tex. App.—Waco Apr. 14, 2010, pet. dism'd) (mem. op., not designated for publication). We review a trial court's pre-trial bail determination under an abuse-of-discretion standard. *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Avila*, 201 S.W.3d at 826.

Article 17.151 of the code of criminal procedure provides the following, in relevant part:

A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within: (1) 90 days from the commencement of his detention if he is accused of a felony . . . .

*Id.* art. 17.151, § 1(1).

## III.   ANALYSIS

After reviewing the record and his pro se filings, we cannot say that Chande is entitled to the relief sought. This is true for many reasons. First, we note that Chande is represented by counsel, and the record does not demonstrate that Chande's trial counsel has filed a motion to withdraw in the trial court or that he has been removed as Chande's attorney in some other fashion. The court of criminal appeals has held that a party represented by counsel is not entitled to hybrid representation. *See Ex parte Bohannon*, 350 S.W.3d 116, 116 n.1 (Tex. Crim. App. 2011) (noting that the court disregarded and took no action on a habeas corpus applicant's pro se submissions because he was represented by counsel); *see also Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001). Chande has not adequately explained that he is entitled to advance pro se in this matter despite being represented by counsel.[2] On that ground alone, Chande's contentions should be rejected, and the trial court's ruling on Chande's habeas corpus application should be affirmed. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *see also Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995).

---

[2] In fact, we note that none of Chande's pro se filings indicate that his trial counsel was served or was otherwise notified of these filings.

However, even if we were to analyze the merits of Chande's contentions, we would still arrive at the same conclusion—that Chande is not entitled to the relief sought. Nothing in article 17.151 of the code of criminal procedure provides that an indigent habeas-corpus applicant is entitled to a personal-recognizance bond. TEX. CODE CRIM. PROC. ANN. art. 17.151. Article 17.151, section 1(1) specifically states that a defendant may be entitled to *either* a personal-recognizance bond *or* a bail reduction if the State is not ready for trial within ninety days of his arrest. *See id.* art. 17.151, § 1(1).

Here, it is undisputed that the State was not ready for trial within ninety days of Chande's arrest. Nevertheless, the trial court opted to reduce Chande's bail to $5,000 based on testimony from Chande, at the hearing on counsel's habeas corpus application, that: (1) he is in the United States illegally and most of his family resides in Tanzania, Africa; (2) he has lived in Houston, Texas, and Kansas while in the country illegally; (3) he was previously arrested for driving while intoxicated in Houston; (4) he lived with his girlfriend at the time of his arrest[3]; (5) his girlfriend has a job at a dry cleaners and regularly visits Chande; (6) he has a child with another woman and allegedly paid child support prior to his arrest; and (7) he has friends that might help him obtain legal services to fight an immigration detainer. *See id.* art. 17.15 (outlining the various factors a trial court should consider when setting a defendant's bail); *Golden v. State*, 288 S.W.3d 516, 518 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); *Wright v. State*, 976 S.W.2d 815, 820 (Tex. App.—Houston [1st Dist.] 1998, no pet.) ("[T]he ability

---

[3] In his brief, Chande acknowledges that his girlfriend, who allegedly was also charged as a "co-defendant," was able to post bail of $10,000.

of an accused to make bail does not itself control the amount of bail, even if the accused is indigent."); *see also Milner v. State*, 263 S.W.3d 146, 150 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (stating that, if the defendant's ability to make bail in a specific amount controlled, "the role of the trial court in setting [bail] would be completely eliminated and the accused would be in the position to determine what his [bail] should be"). Given this, we cannot say that the trial court abused its discretion in granting Chande's habeas-corpus application but denying his request for a personal-recognizance bond.[4] *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (stating that we review a trial court's ruling on a habeas-corpus application under an abuse-of-discretion standard).

## IV. CONCLUSION

Based on the foregoing, we affirm the trial court's ruling with respect to Chande's habeas-corpus application.[5]

---

[4] Chande also complains about several of the conditions the trial court imposed in the event that he posts bail. Considering Chande remains incarcerated and our resolution of this appeal, we do not find Chande's complaints about the trial court's conditions to be ripe for review. *See State ex rel. Watkins v. Creuzot*, 352 S.W.3d 493, 504 (Tex. Crim. App. 2011) (stating that the "ripeness doctrine protects against 'judicial interference until a[ ] . . . decision has been formalized and its effect felt in a concrete way by the challenging parties'" and that, in determining whether an issue is ripe for consideration, we "'evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration'" (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49, 87 S. Ct. 1507, 1515-16, 18 L. Ed. 2d 681 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977))); *see also Golden v. State*, Nos. 05-11-00093-CR, 05-11-00094-CR, 05-11-00095-CR, 2012 Tex. App. LEXIS 2644, at *7 (Tex. App.—Dallas Apr. 4, 2012, no pet. h.) (not designated for publication).

[5] On June 7, 2012, Chande filed his "Appellant's Motion in Support of 'Pro Se Brief.'" We construe Chande's "Motion" to be a supplement to his originally-filed brief. In this filing, Chande asserts that his trial counsel was ineffective at the hearing on his habeas-corpus application. To prevail on an ineffective assistance of counsel claim, the appellant must prove by a preponderance of the evidence that (1) counsel's performance was deficient, and (2) the defense was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). We look to the totality of the representation

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed June 20, 2012
Do not publish
[CR25]

---

and the particular circumstances of each case in evaluating the effectiveness of counsel; our review of counsel's representation is highly deferential, and we will find ineffective assistance only if Chande overcomes the strong presumption that his counsel's conduct fell within the range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *see also Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). After reviewing the record in the present case, we conclude that Chande has not met his burden in demonstrating that counsel's performance was ineffective, especially considering the fact that counsel obtained a reduction in Chande's bail from $25,000 to $5,000 and that, contrary to Chande's assertions, article 17.151 does not guarantee a personal-recognizance bond for someone in his situation. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Andrews*, 159 S.W.3d at 101; *see also* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (West Supp. 2011).