

IN THE
TENTH COURT OF APPEALS

———————

No. 10-13-00220-CR

IN RE DARRICK ROSS

———————

Original Proceeding

———————————————

MEMORANDUM  OPINION

———————————————

In this original proceeding for a writ of mandamus,[1] Relator Darrick Ross asserts

that the respondent trial judge abused his discretion by not granting Ross a personal

bond or reduced bail in accordance with article 17.151, § 1(1) of the Code of Criminal

Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (West Supp. 2012); *Ex*

*parte Avila,* 201 S.W.3d 824, 826 (Tex. App.—Waco 2006, no pet.).

This mandamus proceeding arises out of a pretrial application for writ of habeas

corpus in which Ross sought a personal bond or reduced bail under article 17.151, §

_____

[1] The petition for writ of mandamus has several deficiencies.  It does not include the certification required
by Rule of Appellate Procedure 52.3(j).  *See* TEX. R. APP. P. 52.3(j).  And while it has an appendix, it lacks a
certified or sworn record and a properly authenticated transcript of the underlying hearing.  *See id.*
52.7(a).  To expedite this matter, we implement Rule of Appellate Procedure 2 to suspend these
requirements.  *Id.* 2.

1(1). After an evidentiary hearing, the trial judge did not grant the requested relief. Ross seeks a writ of mandamus ordering the trial judge to grant Ross a personal bond, and he alleges that he lacks an adequate remedy at law, such as an appeal.

"To be entitled to mandamus relief, the relator must show that: (1) he has no adequate remedy at law, and (2) what he seeks to compel is a ministerial act." *In re State ex rel. Tharp,* 393 S.W.3d 751, 754 (Tex. Crim. App. 2012) (orig. proceeding). Generally, "mandamus 'is not a substitute for and cannot be used to perform the office of an appeal.' " *State ex rel. Healey v. McMeans,* 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (orig. proceeding). "But potential review at a later time is not always or automatically an adequate remedy: 'In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate.' " *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.,* 159 S.W.3d 645, 648-49 (Tex. Crim. App. 2005).

Ross has a remedy by appeal. *See, e.g., Avila,* 201 S.W.3d at 826. Moreover, the available appeal is expedited and thus plainly adequate. *See* TEX. R. APP. P. 31. Because Ross has an adequate remedy at law with an expedited appeal, we deny his petition for writ of mandamus.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Petition denied
Opinion delivered and filed July 25, 2013
Do not publish
[CR25]