

# IN THE
# TENTH COURT OF APPEALS

No. 10-13-00256-CR

# IN RE MELISSA ADLER

Original Proceeding

## MEMORANDUM OPINION

Melissa Adler has filed an emergency motion to stay. It alleges that she filed a pretrial application for writ of habeas corpus seeking dismissal of the indictment, that the application was denied by the trial court judge, and that she "gave an oral notice of appeal." The alleged basis for dismissal of the indictment was that the Attorney General of Texas lacks authority to prosecute the case, thereby depriving the district court of jurisdiction.

The emergency motion to stay seeks to stay Adler's ongoing criminal trial to allow her counsel time to prepare a petition for writ of mandamus. The motion is denied for the following reasons.

First, we assume without deciding that Adler may seek emergency relief before she has filed a petition for writ of mandamus. *Cf.* TEX. R. APP. P. 52.10. We also assume without deciding that Adler seeks to compel a ministerial act. But because Adler has an adequate remedy at law by appeal, she is not entitled to mandamus relief.

"To be entitled to mandamus relief, the relator must show that: (1) he has no adequate remedy at law, and (2) what he seeks to compel is a ministerial act." *In re State ex rel. Tharp,* 393 S.W.3d 751, 754 (Tex. Crim. App. 2012) (orig. proceeding). Adler has an adequate remedy at law by an appeal of the trial court's denial of her pretrial application for writ of habeas corpus. *See, e.g., In re Ross,* No. 10-13-00220-CR, 2013 WL 3845850 (Tex. App.—Waco July 25, 2013, orig. proceeding) (mem. op., not designated for publication) (citing *Ex parte Avila,* 201 S.W.3d 824, 826 (Tex. App.—Waco 2006, no pet.); and TEX. R. APP. P. 31); *see also* TEX. R. APP. P. 31.3.

The emergency motion to stay asserts that Adler intends to file a petition for writ of mandamus, but it also asserts that she gave an oral notice of appeal[1] and concludes with a request that we stay her criminal case "pending the appeal" of the trial court's denial of her pretrial application for writ of habeas corpus.

To the extent that Adler seeks to appeal the trial court's denial of her pretrial application for writ of habeas corpus, we lack jurisdiction to rule on her emergency motion to stay because a written notice of appeal has not been filed. *See* TEX. R. APP. P. 25.2(b), (c)(1). Thus, in the alternative, the emergency motion to stay is dismissed for

---

[1] "In a criminal case, appeal is perfected by timely filing a sufficient notice of appeal." TEX. R. APP. P. 25.2(b). "Notice must be given in writing and filed with the trial court clerk. If the notice of appeal is received in the court of appeals, the clerk of that court shall immediately record on the notice the date that it was received and send the notice to the trial court clerk." TEX. R. APP. P. 25.2(c)(1).

lack of jurisdiction.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
      (Chief Justice Gray concurring)
Denied
Opinion delivered and filed August 7, 2013
Do not publish
[OT06]