

IN THE
TENTH COURT OF APPEALS

No. 10-15-00413-CR

EX PARTE JAMES RAY BROSSETT

From the 54th District Court
McLennan County, Texas
Trial Court No. 2015-1932-C2A

## CONCURRING AND DISSENTING OPINION

This case presents the problem when an appellate court determines the amount of bail set by the trial court is excessive and then proceeds to set bail. If the trial court had set bail in this case at $1,000,000, I would not hold that was an abuse of discretion. The trial court set bail at $5,000,000. I agree with the Court that $5,000,000 is excessive. The State conceded that $5,000,000 was effectively the denial of bail but that the State had not sought the total denial of bail as it otherwise might have been able to do. *See* TEX. CODE CRIM. PROC. ANN. arts 17.152 and 17.153 (West 2005).

But having determined bail was excessive, the Court then proceeds to set bail in an amount it determines is appropriate. We do not review this amount. This Court

determines the amount. As for me, I do not understand why we, as an appellate court, should in the first instance set the amount of bail we think is appropriate. All we have is a cold record before us. I would much prefer a remand to allow the trial court to set the amount and conditions of bail it deems appropriate and leave this Court to review the trial court's order. *See Ex parte Hicks*, 262 S.W.3d 387 (Tex. App.—Waco 2008, no pet.) (Gray, C.J, dissenting note); *Ex parte Mayfield*, No. 10-07-00304-CR, 2007 Tex. App. LEXIS 9758 (App.—Waco 2007, no pet.) (Gray, C.J., dissenting note); *Ex parte Davis*, 147 S.W.3d 546, 554 n. 1 (Tex. App.—Waco 2004, no pet.) (Gray, C.J., dissenting).

Furthermore, I find it interesting that we set one aspect of bail, the amount, but remand to the trial court for a determination of the conditions of bail. These conditions of bail could impact the appropriateness of the amount of bail.

Moreover, if I am compelled by Court of Criminal Appeals precedent to set bail in the first instance rather than review the amount determined by a trial court, in this proceeding I would set bail at no more than $750,000. That amount appears adequate to assure Brossett's presence at trial; particularly if it is accompanied with other conditions of bail such as his surrender of all, and a prohibition from obtaining additional, firearms, knives, and other weapons, surrender of Brossett's passport, if any, a prohibition from any contact with the surviving victims, all being the children of the deceased victim, and an order to wear a GPS tracking device to assure that Brossett does not go within 1,250 yards of them.

Thus, I must concur in part and dissent in part to the Court's judgment.


TOM GRAY
Chief Justice


Concurring and dissenting opinion delivered and filed April 28, 2016
Publish

