

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00301-CR

EX PARTE BOBBY LANDRUM, APPELLANT

On Appeal from the 286th District Court
Hockley County, Texas
Trial Court No. 180725505, Honorable Pat Phelan, Presiding

October 19, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

On April 4, 2018, appellant, Bobby Landrum, was arrested for possession of a controlled substance, penalty group one, in an amount less than one gram. This offense is classified as a state jail felony.[1] The trial court initially set Landrum's bail at $2,500. The trial court found Landrum indigent and appointed him counsel. On July 10, Landrum filed an application for writ of habeas corpus wherein he alleged that he was entitled to be released on a personal bond or a bond that he could satisfy for release. After holding a hearing on July 19, the trial court reduced Landrum's bond to $1,000. By his appeal,

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017).

Landrum contends that the trial court erred in reducing his bond to $1,000 rather than releasing him on a personal bond. We agree.

## Standard of Review

We review a trial court's decision in a habeas proceeding regarding the imposition or reduction of bail under an abuse of discretion standard of review. *Ex parte Smith*, 486 S.W.3d 62, 64 (Tex. App.—Texarkana 2016, no pet.) (citing *Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013)). A trial court abuses its discretion when it applies "an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion." *Id.* at 64-65 (quoting *DuBose v. State*, 915 S.W.2d 493, 497-98 (Tex. Crim. App. 1996), *overruled on other grounds by Guzman v. State*, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997)).

## Law and Analysis

Article 17.151 of the Texas Code of Criminal Procedure provides that,

> A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within: (1) 90 days from the commencement of his detention if he is accused of a felony . . . .

TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (West 2015). Article 17.151 is mandatory. *Pharris v. State*, 196 S.W.3d 369, 373 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Ex parte Rowe*, 853 S.W.2d 581, 582 & n.1 (Tex. Crim. App. 1993) (en banc)). "This [a]rticle preserves the presumption of innocence by ensuring that 'an accused as

2

yet untried and unreleased on bond will not suffer the incidental punitive effect of incarceration during any further delay attendant to prosecutorial exigency.'" *Ex parte Smith*, 486 S.W.3d at 65 (quoting *Ex parte Jones*, 803 S.W.2d 712, 716 (Tex. Crim. App. 1991)) (internal quotation marks omitted).

The State bears the initial burden to make a prima facie showing that it was ready for trial within the applicable time period. *Id.* In the present case, the trial court entered a finding of fact that "[t]he State has not announced ready for trial and has not indicted [Landrum] on this allegation." *See Ex parte McNeil*, 772 S.W.2d 488, 489 (Tex. App.— Houston [1st Dist.] 1989, original proceeding) ("Where there is no indictment, the State cannot announce ready for trial.")

The statute also requires that Landrum has been detained awaiting trial for a period of at least ninety days. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1). In the present case, the trial court found that Landrum was arrested on April 4, and has been continuously incarcerated from that date until the July 19 habeas hearing. As such, Landrum has been incarcerated awaiting trial for a period in excess of ninety days.

When the State is not ready for trial ninety days after the accused's arrest and the accused has remained incarcerated throughout that period, a trial court has only two options available under article 17.151: "either release the accused upon personal bond or reduce the bail amount . . . to an amount that the record reflects an accused can make in order to effectuate release." *Ex parte Gill*, 413 S.W.3d at 429 (citing *Ex parte Rowe*, 853 S.W.2d at 582 & n.1). When a defendant has been incarcerated for ninety days and the State is not ready for trial, a trial court abuses its discretion when it fails to set bail at

an amount that the record reflects the defendant ***can make***.  *Ex parte Avila*, 201 S.W.3d 824, 826 (Tex. App.—Waco 2006, no pet.).

In the present case, the trial court found that Landrum was indigent and appointed counsel to represent him.  It also found that Landrum "has no money, nor does he have any assets he could sell to make bond."  Nonetheless, the trial court set Landrum's bond at $1,000.  Because the record reflects that Landrum could not post bond in any amount, the trial court abused its discretion by not releasing him on a personal recognizance bond. *Id.* at 826-27 (citing *Rowe*, 853 S.W.2d at 582; *Ex parte Kernahan*, 657 S.W.2d 433, 434 (Tex. Crim. App. 1983) (en banc)); *see Ex parte McNeil*, 772 S.W.2d at 490 ("Where a detainee has no funds available to her and the State does not indict her within 90 days, she must be released on a personal recognizance bond.")

## Conclusion

We reverse the trial court's order setting Landrum's bond at $1,000 and remand the cause to the trial court for further proceedings consistent with this opinion.  Mandate in this case shall issue immediately.  *See Ex parte Smith*, 486 S.W.3d at 70 (citing TEX. R. APP. P. 2, as recognizing the authority of appellate courts to suspend rules, including time frame for issuance of mandate, to expedite decision).

Judy C. Parker
Justice

Do not publish.

4