Ex Parte Leo Scott OKUN.

No. 09–10–00515–CR.

Court of Appeals of Texas, Beaumont.

Submitted April 29, 2011.

Decided May 11, 2011.

Dennis D. Horn, Kirbyville, for appellant.

Steven Hollis, Crim. Dist. Atty., Jasper, for state.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

DAVID GAULTNEY, Justice.

A Jasper County grand jury indicted Leo Scott Okun for burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02(c)(2) (West 2003). The trial court initially set Okun's bail at $15,000. Okun filed a motion seeking reduction of the bail amount, or his release on a personal bond under article 17.151 of the Code of Criminal Procedure. *See* Tex.Code Crim. Proc. Ann. art. 17.151 (West Supp.2010). The trial court considered the motion an application for writ of habeas corpus, held a hearing on the motion, and granted Okun's motion to reduce the bail amount. Okun appeals the trial court's order granting the requested relief. He argues the reduced bail is excessive.

In this appeal, the Court is to "render whatever judgment and make whatever orders the law and the nature of the case require." Tex.R.App. P. 31.3. We are not to review "any incidental question[.]" *See* Tex.R.App. P. 31.2. "The sole purpose of

the appeal is to do substantial justice to the parties." *Id.*

Article 17.151 of the Code of Criminal Procedure provides that "[a] defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within ... 90 days from the commencement of his detention if he is accused of a felony...." Tex. Code Crim. Proc. Ann. art. 17.151, § 1. The State was not ready for trial within 90 days from the beginning of Okun's detention. Article 17.151 applies to the case. At the hearing on Okun's motion, the State argued the bail should be reduced from $15,000 to $10,000. The trial court reduced the bail to $5,000.

Okun contends on appeal that the trial court should have either released him on a personal bond or reduced his bail to an amount he can afford. He relies on a footnote in *Rowe v. State* which states as follows:

> Article 17.151 states the accused *must be released* either on personal bond or by reducing the amount of bail required. If the court chooses to reduce the amount of bail required, it must reduce bail required to an amount that the record reflects an accused can make in order to effectuate release.

*Rowe v. State,* 853 S.W.2d 581, 582 n. 1 (Tex.Crim.App.1993) (emphasis in original). At the conclusion of the hearing in Okun's case, the trial judge reduced the bail by two-thirds, presumably an amount the trial judge believed Okun could afford. The written order states the court granted Okun's motion. Okun made no objection to the ruling. He did not suggest the bail was one he could not make and did not request a further reduction in the bail amount.

■ The primary purpose of an appearance bond is to secure the defendant's presence for trial on the offense for which he is charged. *Maldonado v. State,* 999 S.W.2d 91, 93 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd). We review a trial court's determination of the amount of bond under an abuse of discretion standard. *See Ex parte Rubac,* 611 S.W.2d 848, 849–50 (Tex.Crim.App.1981). We view the evidence in the light most favorable to the trial court's ruling. *Ex parte Craft,* 301 S.W.3d 447, 448–49 (Tex.App.-Fort Worth 2009, no pet.).

Okun, the sole witness at the hearing, testified he is unable to work because of a motorcycle accident. He explained he has a ruptured disk and a herniated disk. He is under a doctor's care for this condition. Okun has lived in Jasper County for forty-eight years, and he has a sister, three daughters, and a high-school-age son in the area. He does not own a home, a vehicle, or any stocks or bonds, and does not have a savings account or a checking account. Prior to the burglary-of-a-habitation offense, he lived with his daughter and his sister. He did not pay them rent. While his daughter and her husband were at work, he babysat for his grandsons. He received food stamps. Okun testified he has no family members from whom he can borrow money. He explained he asked his daughter and her husband for money, but they told him they did not have any money to help him. Okun stated he was "filing for ... Social Security and Medicare[.]" Based on information apparently obtained from the county tax office, the prosecutor asked Okun about the ownership of five vehicles, but Okun denied he owned them.

■ Apparently, the trial court concluded Okun could pay something on a bond, and reduced the bail accordingly. A habeas applicant has the burden of proving bail

is excessive. *See Ex parte Rubac,* 611 S.W.2d at 849; *Ex parte Hicks,* 262 S.W.3d 387, 388 (Tex.App.-Waco 2008, no pet.). Okun did not present any evidence about any discussions with bail bondsmen or any evidence regarding the maximum amount of bail that Okun believed he could satisfy. *See Montalvo v. State,* 315 S.W.3d 588, 595 (Tex.App.-Houston [1st Dist.] 2010, no pet.). The trial judge could believe or disbelieve all or part of Okun's testimony, and accord that testimony the weight the trial court thought the testimony warranted. *See* Tex.Code Crim. Proc. Ann. art. 36.13 (West 2007), art. 38.04 (West 1979); *Ex parte Amezquita,* 223 S.W.3d 363, 367 (Tex.Crim.App.2006) (Almost every fact finding " 'involves a credibility determination[,]' " and this Court has " 'repeatedly recognized that the fact finder is the exclusive judge of the credibility of the witnesses.' ") (quoting *Ex parte Mowbray,* 943 S.W.2d 461, 465 (Tex.Crim. App.1996)).

█ Okun sought a reduction in the bail amount. The trial court granted a substantial reduction in the bail amount. Under the circumstances, given the trial court's grant of Okun's motion, it was incumbent upon Okun to inform the trial court before filing this appeal that the reduced bail was not affordable, or that his request was not for a reduction in bail but for a release on personal bond. *See, generally,* Tex.R.App. P. 33.1. Given a specific request on a proper showing, we are confident of the trial court's compliance with the statute. *See Rowe v. State,* 853 S.W.2d at 582 n. 1. We see no abuse of discretion by the trial court on this record.

Okun's issue is overruled. The trial court's order is affirmed.

AFFIRMED.