

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00462-CV

IN RE MARTIN RODRIGUEZ, RELATOR

Original Proceeding

January 11, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relator, Martin Rodriguez, has filed a petition for writ of mandamus requesting the Court to order the Respondent, the Honorable Phil N. Vanderpool, Judge of the 223rd Judicial District Court of Gray County, to vacate his December 19, 2016 Order Reducing Bond and Setting Conditions, grant Rodriguez's application for writ of habeas corpus seeking release because of delay under Article 17.151 of the Texas Code of Criminal Procedure, and release Rodriguez on a personal bond or a bond that he can afford. We deny the petition.

According to his petition, Rodriguez was arrested for the offense of aggravated sexual assault of a disabled or elderly person on July 22, 2016, and has been

continuously confined in the Gray County Jail since that time because he is unable to post the $1,000,000 bond set by Respondent. Rodriguez also contends that no indictment has been returned against him on this charge. On the basis of these facts, Rodriguez filed an application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151 (West 2015). Without holding a hearing, Respondent issued his December 19 Order, which reduced the $1,000,000 bond to $125,000. In response to this order, Rodriguez filed the instant original proceeding.

"Equity is generally not served by issuing an extraordinary writ against a trial court judge on a ground that was never presented in the trial court and that the trial court thus had no opportunity to address." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). For that reason, mandamus relief generally requires the relator to have made a predicate request for an action and the trial court's refusal of the request. *Id.* (citing *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990)). An exception to this general rule is when such a request would have been futile. *Id.*

In the present case, Rodriguez's application for writ of habeas corpus stated that he is unable to post the $1,000,000 bond and requested Respondent to enter an order releasing him on a personal recognizance bond or reducing the $1,000,000 bond. Respondent entered an order reducing Rodriguez's bond to $125,000. Nothing in the documents filed in support of Rodriguez's petition indicates that Rodriguez ever presented to the trial court a contention that he was unable to post the reduced bond. Further, in his response filed at our request, Respondent states that, "[a]fter receipt of the December 19 order, Relator's counsel did not inform the trial court the reduced bond

2

was not affordable and did not request a hearing." Especially considering Respondent's reduction of the amount of the bond upon the filing of Rodriguez's application for writ of habeas corpus, we cannot conclude that a subsequent request for a lower bond would have been futile. Consequently, it was incumbent upon Rodriguez to inform Respondent that the reduced bond remained unaffordable before seeking the extraordinary remedy of mandamus relief. *See Ex parte Okun*, 342 S.W.3d 184, 186 (Tex. App.—Beaumont 2011, orig. proceeding) (reaching similar conclusion on appeal of habeas corpus application filed after reduction of bail). Rodriguez's failure to do so is determinative of this petition.

For the foregoing reasons, Rodriguez's petition for writ of mandamus is denied.

Per Curiam