**Ex parte Michael ROWE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 257–93.**

Court of Criminal Appeals of Texas, En Banc.

May 19, 1993.

Judith Martin Prince, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and J. Harvey Hudson & Susan B. Brown, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

OVERSTREET, Judge.

Before the trial court, appellant sought release from pretrial detention based upon Article 17.151, V.A.C.C.P. and the State not being ready for trial of the felony charges. It was undisputed that appellant had been arrested on murder and aggravated assault allegations. The State stipulated that appellant had not been indicted within the 90 days. Appellant sought habeas relief, specifically release upon a personal bond.

However, the trial court refused and instead reduced the bond on each charge by $1,000 (murder from $10,000 to $9,000, aggravated assault from $4,000 to $3,000, aggravated assault from $4,000 to $3,000). Appellant appealed the decision of the trial court.

The Fourteenth Court of Appeals affirmed the trial court's decision. *Rowe v. State*, 848 S.W.2d 896 (Tex.App.—Houston [14th Dist.], 1993). The court of appeals focused upon one of the prosecutor's explanations for not indicting appellant within the 90–day period of Article 17.151, that being appellant had wanted to testify before the grand jury. It considered such to be invited error and specifically held "that a delay in indicting, that is caused by the accused's request to testify before the grand jury, will not be held against the State or entitle the accused to a personal recognizance bond." *Id.* at 897. Appellant's petition for discretionary review asserts that the court of appeals erred in holding such.

■ Article 17.151 provides that if the State is not ready for trial within 90 days after commencement of detention for a felony, the accused "must be released either on personal bond or by reducing the amount of bail required[.]" Thus the trial court has two options: release upon personal bond or reduce the bail amount. However, there is nothing in the statute indicating that the provisions do not apply if the delay was based upon the accused's request to testify before the grand jury. In fact, Article 17.151 contains no provisions excluding certain periods from the statutory time limit to accommodate exceptional circumstances. *Jones v. State*, 803 S.W.2d 712, 719 (Tex.Cr.App.1991); *Moreno v. State*, 845 S.W.2d 467, 469 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd). Thus we hold that the court of appeals erred in concluding that appellant's request to testify before the grand jury somehow

removed him from the protections of Article 17.151.

Although the trial court denied the request for personal bond, it interpreted appellant's motion as also requesting a reduction in bond. At the conclusion of a hearing on September 28, 1992, the judge lowered the bonds in each of the cases in which appellant was charged.

Counsel argues that appellant cannot make any bond, and at a subsequent hearing on October 2, 1992, introduced testimony to that effect. The State argued to the contrary and elicited testimony as to pending criminal charges in the State of Oklahoma and that appellant had resided in Texas only two weeks prior to the date of the instant offense. The trial court stated into the record, "I also have to make sure that the bail is of such an amount that we'll see [appellant] in court to answer the allegations."

## CONCLUSION

■ The trial court's action in reducing the bonds did not comply with the dictates of Article 17.151.[1] The record does not support the trial court's decision to reduce each bond by $1,000.00 rather than release appellant on personal bond. The record reveals that appellant could not make any bond. We therefore grant appellant's petition for discretionary review and remand this cause to the trial court with directions to release appellant on personal bond.

1. Article 17.151 states the accused *must be released* either on personal bond or by reducing the amount of bail required. If the court chooses to reduce the amount of bail required, it must reduce bail required to an amount that the record reflects an accused can make in order to effectuate release.