Opinion filed August 28, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed August 28, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-09-00135-CR

                                 __________

 

                                  BILLY WAYNE HAYNES, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 161st District Court

 

                                                           Ector
County, Texas

 

                                                Trial
Court Cause No. W-3642-B

 



 

                              M
O D I F I E D   M E M O R A N D U M   O P I N I O N

Billy
Wayne Haynes has filed in this court a petition for discretionary review.  Our
former opinion and judgment dated August 6, 2009, are withdrawn, and the following
opinion and judgment dated August 28, 2009, are substituted therefor.

This
is an appeal pursuant to Tex. R. App. P.
31 from the denial of an application for writ of habeas corpus seeking a bond
reduction.  We reverse and remand.








In
his application filed on February 2, 2009, appellant contended that he was
illegally confined, that the State was not ready for trial, and that Tex. Code Crim. Proc. Ann. art. 17.151
(Vernon Supp. 2008)[1] mandated that
either he be released or his bond be reduced. In this court, appellant argues
that the provisions of Article 17.151 are mandatory.  Therefore, it was error
for his petition for writ of habeas corpus to be denied.

It
is undisputed that appellant was incarcerated more than ninety days before an
indictment was returned.  The State explained that the delay was due to the
fact that the case was filed on December 29, 2008, and that a grand jury was
not called in Ector County until the week of January 26, 2009, because of
the holidays, the Presidential Inauguration, and Martin Luther King Day.  A
total of seven people were involved in these offenses, and the district
attorney exercised his discretion to not present these complex cases at the first
meeting of the grand jury.  Instead, he opted to make the four- to five-hour
presentation at the February 10 meeting when appellant was indicted.








As
appellant correctly states, Article 17.151 is mandatory.  Rowe v. State,
853 S.W.2d 581, 582 (Tex. Crim. App. 1993).  When certain conditions are met,
the defendant is to be released.  Id.  In Rowe, the court noted
that Article 17.151 makes no provisions for exceptional circumstances.  Id. 
In this case, appellant=s
argument was that the State was not ready for trial within the required ninety
days.  

At
the March 23, 2009 hearing, appellant testified as to his financial
circumstances.  The State explained the delay in indicting appellant, presented
testimony concerning appellant=s
participation in the alleged offenses, and introduced into evidence appellant=s pen packets.  No argument
was made that the State was ready at that time.

Because
the provisions of Article 17.151 are mandatory, the order denying appellant=s application is reversed. 
The cause is remanded to the trial court for further consideration.

 

PER CURIAM

 

August 28, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Article 17.151 states:

 

Sec. 1. A defendant who is detained in jail pending
trial of an accusation against him must be released either on personal bond or
by reducing the amount of bail required, if the state is not ready for trial of
the criminal action for which he is being detained within:

 

(1) 90 days from the commencement of his detention if
he is accused of a felony;

(2) 30 days from the commencement of his detention if
he is accused of a misdemeanor punishable by a sentence of imprisonment in jail
for more than 180 days;

(3) 15 days from the commencement of his detention if
he is accused of a misdemeanor punishable by a sentence of imprisonment for 180
days or less; or

(4) five days from the commencement of his detention if
he is accused of a misdemeanor punishable by a fine only.

 

Sec. 2. The provisions of this article do not apply to
a defendant who is:

 

(1) serving a sentence of imprisonment for another
offense while the defendant is serving that sentence;

(2) being detained pending trial of another accusation
against the defendant as to which the applicable period has not yet elapsed;

(3) incompetent to stand trial, during the period of
the defendant=s incompetence;  or

(4) being detained for a violation of the conditions of
a previous release related to the safety of a victim of the alleged offense or
to the safety of the community under this article.