**Opinion filed August 28, 2009**



# In The

# 𝔈𝔩𝔢𝔳𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

_____

### No. 11-09-00135-CR

_____

## BILLY WAYNE HAYNES, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. W-3642-B**

### M O D I F I E D   M E M O R A N D U M   O P I N I O N

Billy Wayne Haynes has filed in this court a petition for discretionary review. Our former opinion and judgment dated August 6, 2009, are withdrawn, and the following opinion and judgment dated August 28, 2009, are substituted therefor.

This is an appeal pursuant to TEX. R. APP. P. 31 from the denial of an application for writ of habeas corpus seeking a bond reduction. We reverse and remand.

In his application filed on February 2, 2009, appellant contended that he was illegally confined, that the State was not ready for trial, and that TEX. CODE CRIM. PROC. ANN. art. 17.151

(Vernon Supp. 2008)[1] mandated that either he be released or his bond be reduced. In this court, appellant argues that the provisions of Article 17.151 are mandatory. Therefore, it was error for his petition for writ of habeas corpus to be denied.

It is undisputed that appellant was incarcerated more than ninety days before an indictment was returned. The State explained that the delay was due to the fact that the case was filed on December 29, 2008, and that a grand jury was not called in Ector County until the week of January 26, 2009, because of the holidays, the Presidential Inauguration, and Martin Luther King Day. A total of seven people were involved in these offenses, and the district attorney exercised his discretion to not present these complex cases at the first meeting of the grand jury. Instead, he opted to make the four- to five-hour presentation at the February 10 meeting when appellant was indicted.

As appellant correctly states, Article 17.151 is mandatory. *Rowe v. State*, 853 S.W.2d 581, 582 (Tex. Crim. App. 1993). When certain conditions are met, the defendant is to be released. *Id.*

---

[1]Article 17.151 states:

Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention if he is accused of a felony;
(2) 30 days from the commencement of his detention if he is accused of a misdemeanor punishable by a sentence of imprisonment in jail for more than 180 days;
(3) 15 days from the commencement of his detention if he is accused of a misdemeanor punishable by a sentence of imprisonment for 180 days or less; or
(4) five days from the commencement of his detention if he is accused of a misdemeanor punishable by a fine only.

Sec. 2. The provisions of this article do not apply to a defendant who is:

(1) serving a sentence of imprisonment for another offense while the defendant is serving that sentence;
(2) being detained pending trial of another accusation against the defendant as to which the applicable period has not yet elapsed;
(3) incompetent to stand trial, during the period of the defendant's incompetence; or
(4) being detained for a violation of the conditions of a previous release related to the safety of a victim of the alleged offense or to the safety of the community under this article.

In *Rowe*, the court noted that Article 17.151 makes no provisions for exceptional circumstances. *Id*. In this case, appellant's argument was that the State was not ready for trial within the required ninety days.

At the March 23, 2009 hearing, appellant testified as to his financial circumstances. The State explained the delay in indicting appellant, presented testimony concerning appellant's participation in the alleged offenses, and introduced into evidence appellant's pen packets. No argument was made that the State was ready at that time.

Because the provisions of Article 17.151 are mandatory, the order denying appellant's application is reversed. The cause is remanded to the trial court for further consideration.

PER CURIAM

August 28, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3