Reversed and Remanded and Memorandum Opinion filed June 3, 2010

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00110-CR



 

EX PARTE KELLY BRYSE CASTLINO, Appellant

 



On Appeal from the 12th District
Court

Grimes County, Texas

Trial Court Cause No. 31580



 

MEMORANDUM  OPINION

 

Appellant, Kelly Bryse Castlino, appeals the trial
court’s denial of his application for writ of habeas corpus.  In a single
issue, appellant contends the trial court erred when it denied habeas corpus
relief and failed to release appellant on a personal recognizance bond because
the State was not ready for trial within 90 days from the commencement of his
detention.  We reverse the judgment of the trial court and remand for
proceedings consistent with this opinion.

On July 6, 2009, appellant was arrested for
aggravated sexual assault and two counts of robbery.  The trial court set his
bail at a total of $275,000.  Appellant was not indicted until October 14, 2009,
100 days after his arrest.  On October 6, 2009, 92 days after his arrest,
appellant filed an application for writ of habeas corpus in the trial court
requesting that he be permitted immediate bail in a reasonable amount.

On October 26, 2009, the trial court held a hearing
at which appellant presented evidence that he was indigent and could not afford
bail.  He also established that although he had previously been convicted of a
felony offense, he was not currently serving any sentence on a previous
conviction.  Appellant requested to be released on a personal recognizance
bond.  The trial court signed an order in which it found that appellant was
arrested for aggravated sexual assault and two counts of robbery, and is
indigent and unable to make bond.  The court further found that no indictment
was returned and that the State was not ready for trial within 90 days of the
arrest.  The court denied appellant’s request for a personal recognizance bond,
but reduced his bond to $50,000 for each offense.  

Appellant appeals, asserting that the trial court
erred in failing to release him under a personal recognizance bond.  We review
a trial court’s pretrial bail determination under an abuse-of-discretion
standard.  Ex parte Rubac, 611 S.W.2d 848, 850 (Tex. Crim. App. 1981).  A
habeas applicant bears the burden of proving that his bail is excessive.  Rubac,
611 S.W.2d at 849.

Article 17.151 provides in pertinent part:

Sec. 1. A defendant who is detained in jail pending trial
of an accusation against him must be released either on personal bond or by
reducing the amount of bail required, if the state is not ready for trial of
the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention if he is
accused of a felony;....

Tex.Code Crim. Proc. Ann.
art. 17.151, § 1(1) (Vernon Supp. 2009). 

Article 17.151 is mandatory.  Rowe v. State,
853 S.W.2d 581, 583 (Tex. Crim. App. 1993).  If the State is not ready for
trial within 90 days after commencement of detention for a felony, the trial
court has two options: to release the defendant upon personal bond or to reduce
the amount of bail.  Id. at 583.  Moreover, the trial court must reduce
bail to an amount that the record reflects the accused can make in order to
effectuate release.  Id. at 582 n. 1; Pharris v. State, 196
S.W.3d 369, 373–74 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  When there
is no indictment, the State cannot announce ready for trial.  Ex parte
McNeil, 772 S.W.2d 488, 489 (Tex. App.—Houston [1st Dist.] 1989, no pet.). 

At the hearing on the application for writ of habeas
corpus, appellant presented evidence that he is indigent and cannot afford any
bond.  Further, the State admitted that it was not ready for trial within 90
days of the commencement of appellant’s detention.  The State argued at the
hearing that appellant should remain in custody because he had previously been
convicted of a felony and several misdemeanors.  The provisions of article
17.151 are not triggered if a defendant has not finished serving a sentence for
a prior conviction.  See Smith v. State, 161 S.W.3d 191, 194 (Tex.
App.—Texarkana 2005, no pet.).  In this case, however, there is no evidence
that appellant has failed to serve his sentences for prior convictions.  In
fact, at the hearing, appellant averred that he was not currently serving a
sentence for any of his prior convictions.  Further, the fact that appellant
was subsequently indicted does not affect the applicability of article 17.151. 
See Pharris, 196 S.W.3d at 373.

Because appellant was in custody for more than 90
days without an indictment, the trial court is obligated under article 17.151
to release appellant either on personal bond or by reducing the amount of bail
required.  The record reflects, and the trial court found, that appellant is
indigent and cannot make any bond.  The trial court, however, reduced
appellant’s bond to $150,000, an amount in excess of what the record reflects
appellant can afford.  Such action is inconsistent with article 17.151 and its
interpretation by the court of criminal appeals.  See Rowe, 853 S.W.2d
at 582.  Accordingly, we sustain appellant’s issue on appeal.

We reverse the judgment of the trial court and remand
this case to the trial court to reduce appellant’s bail to an amount shown by
the record to be within his means.

                                                                                    PER
CURIAM

 

 

Panel consists of Justices Anderson,
Frost, and Seymore.

Do
Not Publish — Tex. R. App. P. 47.2(b).