NO.
12-10-00183-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

                                                                             §                 APPEAL
FROM THE THIRD

EX PARTE:

                                                                             §                 JUDICIAL
DISTRICT COURT

JAMES WESLEY SHERRILL

                                                                             §                 ANDERSON
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

            James
Wesley Sherrill appeals from the trial court’s denial of his request to be released
on bail or personal bond.  In one issue, Appellant argues that the State was
not ready for trial and the trial court should have released him from jail.  We
affirm.

 

Background

            In
December 2009, an Anderson County grand jury indicted Appellant for the felony
offenses of aggravated sexual assault, engaging in organized criminal activity,
and aggravated kidnapping.  Appellant filed an application for writ of habeas
corpus in December 2009 and filed a subsequent application in February 2010. 
Relief was denied on the application filed in December.  A hearing was held on
the February application on March 1, 2010.  Following a hearing, the trial
court judge denied relief but indicated that she would reconsider her ruling on
April 9, 2010. 

On
April 9, 2010, the sitting judge was not the judge who heard the original
application, and he declined to rule.  On April 13, 2010, the original judge
considered the application, denied relief, and set trial for May 17, 2010.  On
May 17, 2010, the trial court heard further argument on the issue of whether
Appellant should be released from jail.  The State announced that it was ready
for trial, and the court denied relief.  This appeal followed.

 

 

Release Because of Delay

            In
one issue, Appellant argues that the trial court erred in failing to release
him from jail because he had been detained for more than ninety days and the
State was not ready for trial.

Applicable
Law 

A
defendant who is detained in jail for more than ninety days pending trial on a
felony accusation must be released either on personal bond or a reduced amount
of bail if the state is not ready for trial of the criminal action for which he
is being detained.  Tex. Code Crim.
Proc. Ann. art. 17.151, § 1(1) (Vernon Supp. 2010); Rowe v. State,
853 S.W.2d 581, 582 (Tex. Crim. App. 1993).  

The
initial burden of showing readiness is on the state, and that burden can be
discharged by a statement that the state is ready for trial.  See Jones
v. State, 803 S.W.2d 712, 717 (Tex. Crim. App. 1991).  The state may
satisfy this burden either by announcing that it is ready for trial within the
allotted time or by announcing retrospectively that it had been ready within
the allotted time. Id. at 717–18.  Once the state has made a
prima facie showing of readiness, the burden shifts to the defendant to show
that the state is not or was not ready for trial.  See id.; Barfield
v. State, 586 S.W.2d 538, 542 (Tex. Crim. App. 1979).

We
review a trial court’s ruling on a motion to release the defendant pursuant to
Article 17.151 for an abuse of discretion.  Jones, 803 S.W.2d at
717.

Analysis

The
State met its initial burden to show that it was ready for trial, and had been
ready for trial, when the assistant district attorney announced in court on May
17, 2010, that “we have been, and are ready for trial.” Appellant argues that
the State was not and had not been ready for trial.  Specifically, he points
out that the results from a DNA test had not been returned by the May 17
hearing and argues that the State was not ready for trial without those test
results.  He analogizes this case with the Jones opinion in which
the court of criminal appeals held that the state had not been ready for trial
because a key witness was unavailable.  See Jones, 803 S.W.2d at
719.  

The
contrast between this case and the Jones case is illustrative. 
In that case, Eric Brager was a “key witness.”  Id. at 718.  The
court was able to determine that he was a key witness based on the particulars
of that case and because the “State did not controvert that Eric Brager was a
key witness in its case.”  Id.  Brager was in jail during the
relevant period of time in California, and the State had not issued a “subpoena
nor bench warrant nor any other lawful mechanism to secure Brager’s presence”
at trial.  Id.  Therefore, the court concluded that the trial
court abused its discretion by finding that the State was “timely ready for
trial.”  Id. at 719.

In
this case, by contrast, the State said that it had an eyewitness to the offense
who could testify and asserted that the missing DNA was not key or crucial to
its case.  The court pointedly asked the assistant district attorney if the
eyewitness was ready to testify.  He responded that she was ready to testify
and the “law enforcement [officers]” were ready to testify.  He went on to say
that the State did not need the DNA evidence and “had no expectation of
necessarily finding this defendant’s DNA.”   Finally, he represented to the
court that “its mere absence or presence does not make or break the case.”

The
State met its initial burden by announcing that it was ready for trial and that
it had been ready for trial.  See Jones, 803 S.W.2d at 717-18. 
On the record before us, we cannot conclude that Appellant rebutted this
assertion.  According to the State, the DNA test results were not necessary for
its case, and there is no showing that the evidence was so vital that the State
was not ready for trial without it.[1]  It is not uncommon for litigants to have to go to
trial without every witness or every piece of evidence that they would like to
present.  There may be some cases–for example, an aggravated sexual assault
where the assailant is unknown to the complaining witness and was not
apprehended immediately following the offense–where a DNA test result would be
the crucial piece of evidence, and the state could not proceed without it.  In
other cases, the evidence would be less necessary or even irrelevant.  The
State asserted that this is one of the latter kinds of cases, and Appellant
failed to show otherwise.  After reviewing the record, we hold that the trial
court did not abuse its discretion by denying relief on Appellant’s application
for writ of habeas corpus, and we overrule Appellant’s sole issue.

 

Disposition

Having
overruled Appellant’s sole issue, we affirm the judgment of the
trial court.

                                                                                                Brian Hoyle

                                                                                                    
Justice

 

Opinion delivered June 30, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









                [1] Appellant also
argues that the State continued to “pass and reset the case every month.” 
There was no evidence offered at the hearing that this was occurring. 
Appellant cites to the second page of the docket sheet in support of this
assertion.  The docket sheet shows that the trial court indicated on April 13,
2010, that if trial did not occur on May 18, 2010, it would “hear evidence on a
request for bond reduction due to State not being ready for trial.”  The docket
shows that on May 17, 2010, the trial court set trial for June 22 and that the
writ was denied that day.  On June 21, after the trial court had ruled on this
application, it appears that trial court set the matter for trial in October
2010.  This does not show that the State was avoiding trial.