# NO. 12-10-00183-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE THIRD* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *JAMES WESLEY SHERRILL* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

James Wesley Sherrill appeals from the trial court's denial of his request to be released on bail or personal bond.   In one issue, Appellant argues that the State was not ready for trial and the trial court should have released him from jail.   We affirm.

## BACKGROUND

In December 2009, an Anderson County grand jury indicted Appellant for the felony offenses of aggravated sexual assault, engaging in organized criminal activity, and aggravated kidnapping.   Appellant filed an application for writ of habeas corpus in December 2009 and filed a subsequent application in February 2010.   Relief was denied on the application filed in December.   A hearing was held on the February application on March 1, 2010.   Following a hearing, the trial court judge denied relief but indicated that she would reconsider her ruling on April 9, 2010.

On April 9, 2010, the sitting judge was not the judge who heard the original application, and he declined to rule.   On April 13, 2010, the original judge considered the application, denied relief, and set trial for May 17, 2010.   On May 17, 2010, the trial court heard further argument on the issue of whether Appellant should be released from jail.   The State announced that it was ready for trial, and the court denied relief.   This appeal followed.

1

In one issue, Appellant argues that the trial court erred in failing to release him from jail because he had been detained for more than ninety days and the State was not ready for trial.

**Applicable Law**

A defendant who is detained in jail for more than ninety days pending trial on a felony accusation must be released either on personal bond or a reduced amount of bail if the state is not ready for trial of the criminal action for which he is being detained. TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (Vernon Supp. 2010); *Rowe v. State*, 853 S.W.2d 581, 582 (Tex. Crim. App. 1993).

The initial burden of showing readiness is on the state, and that burden can be discharged by a statement that the state is ready for trial. *See Jones v. State*, 803 S.W.2d 712, 717 (Tex. Crim. App. 1991). The state may satisfy this burden either by announcing that it is ready for trial within the allotted time or by announcing retrospectively that it had been ready within the allotted time. *Id*. at 717–18. Once the state has made a prima facie showing of readiness, the burden shifts to the defendant to show that the state is not or was not ready for trial. *See id*.; *Barfield v. State*, 586 S.W.2d 538, 542 (Tex. Crim. App. 1979).

We review a trial court's ruling on a motion to release the defendant pursuant to Article 17.151 for an abuse of discretion. *Jones*, 803 S.W.2d at 717.

**Analysis**

The State met its initial burden to show that it was ready for trial, and had been ready for trial, when the assistant district attorney announced in court on May 17, 2010, that "we have been, and are ready for trial." Appellant argues that the State was not and had not been ready for trial. Specifically, he points out that the results from a DNA test had not been returned by the May 17 hearing and argues that the State was not ready for trial without those test results. He analogizes this case with the *Jones* opinion in which the court of criminal appeals held that the state had not been ready for trial because a key witness was unavailable. *See Jones*, 803 S.W.2d at 719.

The contrast between this case and the *Jones* case is illustrative. In that case, Eric Brager was a "key witness." *Id*. at 718. The court was able to determine that he was a key witness based on the particulars of that case and because the "State did not controvert that Eric Brager was a key

2

witness in its case." *Id*. Brager was in jail during the relevant period of time in California, and the State had not issued a "subpoena nor bench warrant nor any other lawful mechanism to secure Brager's presence" at trial. *Id*. Therefore, the court concluded that the trial court abused its discretion by finding that the State was "timely ready for trial." *Id*. at 719.

In this case, by contrast, the State said that it had an eyewitness to the offense who could testify and asserted that the missing DNA was not key or crucial to its case. The court pointedly asked the assistant district attorney if the eyewitness was ready to testify. He responded that she was ready to testify and the "law enforcement [officers]" were ready to testify. He went on to say that the State did not need the DNA evidence and "had no expectation of necessarily finding this defendant's DNA." Finally, he represented to the court that "its mere absence or presence does not make or break the case."

The State met its initial burden by announcing that it was ready for trial and that it had been ready for trial. *See Jones*, 803 S.W.2d at 717-18. On the record before us, we cannot conclude that Appellant rebutted this assertion. According to the State, the DNA test results were not necessary for its case, and there is no showing that the evidence was so vital that the State was not ready for trial without it.[1] It is not uncommon for litigants to have to go to trial without every witness or every piece of evidence that they would like to present. There may be some cases–for example, an aggravated sexual assault where the assailant is unknown to the complaining witness and was not apprehended immediately following the offense–where a DNA test result would be the crucial piece of evidence, and the state could not proceed without it. In other cases, the evidence would be less necessary or even irrelevant. The State asserted that this is one of the latter kinds of cases, and Appellant failed to show otherwise. After reviewing the record, we hold that the trial court did not abuse its discretion by denying relief on Appellant's application for writ of habeas corpus, and we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

---

[1] Appellant also argues that the State continued to "pass and reset the case every month." There was no evidence offered at the hearing that this was occurring. Appellant cites to the second page of the docket sheet in support of this assertion. The docket sheet shows that the trial court indicated on April 13, 2010, that if trial did not occur on May 18, 2010, it would "hear evidence on a request for bond reduction due to State not being ready for trial." The docket shows that on May 17, 2010, the trial court set trial for June 22 and that the writ was denied that day. On June 21, after the trial court had ruled on this application, it appears that trial court set the matter for trial in October 2010. This does not show that the State was avoiding trial.

3

**BRIAN HOYLE**
Justice

Opinion delivered June 30, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)