**Opinion filed August 31, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00211-CR
_____

## JOSEPH LEE GARNER, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CV31736**

## M E M O R A N D U M   O P I N I O N

Joseph Lee Garner filed an application for writ of habeas corpus seeking release because of delay. Garner's application was a pre-indictment application in which he sought to be released on personal bond in connection with four felony charges[1] or, alternatively, to have the amount of bail reduced to an amount that he could afford. Garner filed the application on May 29, 2012, and the trial court heard the matter on June 11, 2012. The trial court entered an

---

[1]These charges included one for failing to comply with registration requirements and three for indecency with a child by exposure.

order granting a portion of the relief requested and reducing the amount of Garner's bail. Garner appeals from that order. We affirm.

On appeal, Garner complains in a single issue that the trial court abused its discretion in failing to release him on a personal recognizance bond in each case because he had been incarcerated for more than ninety days without being indicted in any of the four cases and because he could not afford bail in any amount. Garner relies upon Article 17.151 of the Code of Criminal Procedure to support his contention. TEX. CODE CRIM. PROC. ANN. art. 17.151 (West Supp. 2012). With respect to release from custody, Article 17.151 provides in relevant part:

> A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:
>
> (1) 90 days from the commencement of his detention if he is accused of a felony.

*Id.* art. 17.151, § 1(1).

The record from the hearing on Garner's application shows that appellant was arrested and jailed on February 15, 2012, and that he remained in jail at the time of the hearing. Garner testified regarding his indigence and his inability to post bail. At the end of the hearing, the trial court questioned the State about its failure to obtain indictments in these cases. The State acknowledged that the ninety-day time frame had elapsed, stated that the delay related to the victims being children, stated that it was not opposed to a reduction in the amount of the bonds, and informed the trial court that these cases were being presented to the grand jury "on Wednesday."[2] The trial court ordered that the amount of bail with respect to the indecency charges be reduced from $200,000 to $100,000 for each case and that bail be set at $100,000 with respect to the charge relating to Garner's failure to comply with the sex offender registration requirements.

Because indictments had not been returned, the State was not ready for trial within the ninety-day period provided for in Article 17.151. Article 17.151, thus, seems to mandate that Garner be released from jail. *See Rowe v. State*, 853 S.W.2d 581 (Tex. Crim. App. 1993). However, a trial court, in making its determination under Article 17.151, must also consider the

---

[2]We note that the hearing was held on Monday, June 11, 2012, and that the grand jury returned indictments on June 13, 2012, for at least three of the four charges for which Garner had been arrested and for which he was in custody. The clerk's record contains three separate indictments for the offense of indecency with a child by exposure.

2

safety of the victims and the community. *Ex parte Robinson*, No. 13-11-138-CR, 2012 WL 1255188 (Tex. App.—Corpus Christi April 12, 2012, pet. ref'd) (not designated for publication); *Ex parte Matthews*, 327 S.W.3d 884 (Tex. App.—Beaumont 2010, no pet.). As noted by the courts in *Robinson* and *Matthews*, Article 17.15 of the Code of Criminal Procedure was amended subsequent to the decision in *Rowe* and, as amended, places a duty upon trial courts setting bail to consider not only the ability of the defendant to make bail, but also the "nature of the offense and the circumstances under which it was committed" and the "future safety of a victim of the alleged offense and the community." TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005); *see Ex parte Robinson*, 2012 WL 1255188, at *3–4; *Ex parte Matthews*, 327 S.W.3d at 887–88.

At the hearing on Garner's application for writ of habeas corpus, the State acknowledged that a reduction in the amount of the bonds would be appropriate, but the State asked "for the protection of the -- the public, particularly . . . the nature of the victims that we have alleged in these warrants . . . that a PR bond or personal bond would be inappropriate under the circumstances." The trial court observed, "I do know there's some danger because Mr. Garner was already convicted as a sex offender, which would -- precipitated the registration requirements to start with." The trial court expressed concern because the charges for indecency by exposure allegedly occurred with three other children after Garner had already been convicted of a sex offense. The trial court's concern for the safety of the community and the victims was reasonable, and we cannot say that the trial court abused its discretion when it set bail at $100,000 in light of Article 17.15. We overrule Garner's sole issue on appeal.

The order of the trial court is affirmed.

PER CURIAM

August 31, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.