Opinion filed August 31,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00211-CR 

                                                    __________

 

                                JOSEPH
LEE GARNER, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 266th District Court

 

                                                            Erath
County, Texas

 

                                                   Trial
Court Cause No. CV31736

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Joseph
Lee Garner filed an application for writ of habeas corpus seeking release
because of delay.  Garner’s application was a pre-indictment application in
which he sought to be released on personal bond in connection with four felony
charges[1]
or, alternatively, to have the amount of bail reduced to an amount that he
could afford.  Garner filed the application on May 29, 2012, and the trial
court heard the matter on June 11, 2012.  The trial court entered an order
granting a portion of the relief requested and reducing the amount of Garner’s
bail.  Garner appeals from that order.  We affirm.  

            On
appeal, Garner complains in a single issue that the trial court abused its
discretion in failing to release him on a personal recognizance bond in each
case because he had been incarcerated for more than ninety days without being
indicted in any of the four cases and because he could not afford bail in any
amount.  Garner relies upon Article 17.151 of the Code of Criminal Procedure to
support his contention.  Tex. Code Crim.
Proc. Ann. art. 17.151 (West Supp. 2012).  With respect to release from
custody, Article 17.151 provides in relevant part: 

A defendant who is
detained in jail pending trial of an accusation against him must be released
either on personal bond or by reducing the amount of bail required, if the
state is not ready for trial of the criminal action for which he is being
detained within:

            (1) 90 days from the
commencement of his detention if he is accused of a felony.

Id. art.
17.151, § 1(1). 

The
record from the hearing on Garner’s application shows that appellant was
arrested and jailed on February 15, 2012, and that he remained in jail at the
time of the hearing.  Garner testified regarding his indigence and his
inability to post bail.  At the end of the hearing, the trial court questioned
the State about its failure to obtain indictments in these cases.  The State
acknowledged that the ninety-day time frame had elapsed, stated that the delay
related to the victims being children, stated that it was not opposed to a
reduction in the amount of the bonds, and informed the trial court that these
cases were being presented to the grand jury “on Wednesday.”[2] 
The trial court ordered that the amount of bail with respect to the indecency charges
be reduced from $200,000 to $100,000 for each case and that bail be set at
$100,000 with respect to the charge relating to Garner’s failure to comply with
the sex offender registration requirements.  

Because
indictments had not been returned, the State was not ready for trial within the
ninety-day period provided for in Article 17.151.  Article 17.151, thus, seems
to mandate that Garner be released from jail.  See Rowe v. State, 853
S.W.2d 581 (Tex. Crim. App. 1993).  However, a trial court, in making its
determination under Article 17.151, must also consider the safety of the
victims and the community.  Ex parte Robinson, No. 13-11-138-CR, 2012 WL
1255188 (Tex. App.—Corpus Christi April 12, 2012, pet. ref’d) (not designated
for publication); Ex parte Matthews, 327 S.W.3d 884 (Tex. App.—Beaumont
2010, no pet.).  As noted by the courts in Robinson and Matthews,
Article 17.15 of the Code of Criminal Procedure was amended subsequent to the
decision in Rowe and, as amended, places a duty upon trial courts
setting bail to consider not only the ability of the defendant to make bail,
but also the “nature of the offense and the circumstances under which it was
committed” and the “future safety of a victim of the alleged offense and the
community.”  Tex. Code Crim. Proc. Ann.
art. 17.15 (West 2005); see Ex parte Robinson, 2012 WL 1255188, at *3–4;
Ex parte Matthews, 327 S.W.3d at 887–88.  

At
the hearing on Garner’s application for writ of habeas corpus, the State
acknowledged that a reduction in the amount of the bonds would be appropriate,
but the State asked “for the protection of the -- the public, particularly . . .
the nature of the victims that we have alleged in these warrants . . . that a
PR bond or personal bond would be inappropriate under the circumstances.”  The
trial court observed, “I do know there’s some danger because Mr. Garner was
already convicted as a sex offender, which would -- precipitated the
registration requirements to start with.”  The trial court expressed concern
because the charges for indecency by exposure allegedly occurred with three
other children after Garner had already been convicted of a sex offense.  The
trial court’s concern for the safety of the community and the victims was
reasonable, and we cannot say that the trial court abused its discretion when
it set bail at $100,000 in light of Article 17.15.  We overrule Garner’s sole issue
on appeal.  

The
order of the trial court is affirmed.  

            

                                                                                                PER
CURIAM

 

August 31, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J. 









[1]These charges included one for failing to comply with
registration requirements and three for indecency with a child by exposure.





[2]We note that the hearing was held on Monday, June 11,
2012, and that the grand jury returned indictments on June 13, 2012, for at
least three of the four charges for which Garner had been arrested and for
which he was in custody.  The clerk’s record contains three separate indictments
for the offense of indecency with a child by exposure.