**REVERSED AND REMANDED; Opinion Filed December 28, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-00892-CR
No. 05-16-00893-CR
No. 05-16-00894-CR

## EX PARTE JOSEPH BEATY

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F15-76000-T, F15-76098-T, F15-76103-T**

## MEMORANDUM OPINION

Before Justices Francis, Stoddart, and Schenck
Opinion by Justice Stoddart

Joseph Beaty appeals the trial court's order denying his pretrial applications for writ of habeas corpus in which he asserted his right to either release on a personal recognizance bond or a bail reduction. We conclude the trial court abused its discretion in denying relief and thus reverse and remand these cases. We **ORDER** the Clerk of the Court to issue the mandates immediately in order to expedite this decision. *See* TEX. R. APP. P. 2, 18.6; *Ex parte Carson*, 215 S.W.3d 921, 924 (Tex. App.— Texarkana 2007, no pet.).

### BACKGROUND

In cause no. 05-16-00892-CR, appellant was arrested on July 20, 2015 for aggravated sexual assault. On July 21, 2015, appellant executed an "election of counsel" requesting appointed counsel and certifying he was without means to employ a lawyer but leaving blank the

portions of the form asking about his monthly income and the total value of his assets. On July 22, 2015, the trial court found appellant to be indigent and appointed counsel for him. On July 29, 2015, appellant posted a bond in the amount of $100,000 and was subsequently released from jail.

On August 5, 2015, appellant's bond was held to be insufficient after he was arrested for additional offenses of aggravated sexual assault and sexual assault (cause nos. 05-16-00893-CR and 05-16-00894-CR). Bail was set at $100,000 for each aggravated sexual assault and $50,000 for the sexual assault. Appellant did not post the $250,000 in bonds and he has remained in jail continuously since August 5, 2015.

On August 7, 2015, appellant executed new "election of counsel" forms requesting appointed counsel in cause nos. 05-16-00893-CR and 05-16-00894.[1] In these new election forms, appellant represented that his "total monthly income, including spouse's income. . . ." was zero and the "total value of [his] assets, including house, cars, cash. . . ." was zero. On September 29, 2015, appellant was indicted in all three cases.

Trial was set for April 18, 2016. Before trial, the State filed a motion for continuance representing that it was not ready to proceed to trial due to the unavailability of a necessary witness. The trial court granted the State a continuance.

Appellant filed a motion seeking release under article 17.151 of the code of criminal procedure. On May 19, 2016, the trial court conducted a hearing on appellant's motion. Neither appellant nor his wife, Brandy, testified at the hearing. No financial information was admitted into evidence. Instead, the defense called appellant's sister-in-law, Jessica Campbell, to provide

---

[1] The election of counsel form for cause no. 05-16-00894-CR is contained in the clerk's record for cause no. 05-16-00893-CR.

information about appellant and Brandy's financial circumstances. Campbell testified that Brandy has five children, three of whom appellant fathered. Counting the children appellant has fathered with other women, there are nine children. There was no testimony about what support, if any, appellant provides for the children, but Campbell did testify that Brandy was "having a really hard time" caring for the children without appellant and that Campbell helps out by buying groceries for the family. Campbell did not testify about appellant's employment or income but she did testify that Brandy works for a pharmaceutical company full time for "[a] majority of the time." Campbell could not remember what job duties Brandy has with the pharmaceutical company, but she confirmed Brandy held "a professional job." Campbell related that during appellant's incarceration, Brandy gave birth and had to take six weeks off from work. Campbell did not know if appellant and Brandy own the house they live in, but they do own a vehicle. A second vehicle was "lost" when appellant was incarcerated. Campbell admitted that appellant's home was recently burglarized and one of the items taken was a television with a seventy-inch screen. Campbell rendered her opinion that appellant lacked the means to post his bond. The State did not provide any evidence about appellant's income or assets but instead called police witnesses to paint appellant as a dangerous serial sexual predator.

After hearing evidence, the trial court asked numerous questions of the prosecutor about the status of the cases, whether the State would be ready for a September 2016 trial date, and about the possibility that other charges would be filed against appellant. The trial court asked no questions about appellant's financial condition or whether he had the means to post $250,000 in bonds. In announcing its decision, the trial court delivered some insight into its decision: "At this time the defendant's motion is denied but I want to make something clear. Given that the difficulty that I anticipate the State is going to have with these complaining witnesses in announcing ready that you need to be ready or this Court will release him in September."

–3–

Appellant then filed applications for writ of habeas corpus in each case. The trial court set the writ applications for hearing. Appellant admitted the record of the bond hearing into evidence and did not offer any additional evidence. In a single order, the trial court denied relief on all three writ applications. The trial court did not make findings of fact.

## STANDARD OF REVIEW

An applicant for habeas corpus relief must prove the applicant's claims by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing the trial court's order, we view the facts in the light most favorable to the trial court's ruling, and we uphold the ruling absent an abuse of discretion. *Id*. This deferential review applies even if the trial court's findings are implied rather than explicit and based on affidavits rather than live testimony. *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006). If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007).

## ANALYSIS

Subject to a few exceptions not relevant in this case, article 17.151, § (1)(1) of the code of criminal procedure provides:

> A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:
>
> (1) 90 days from the commencement of his detention if he is accused of a felony.

TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (West 2015). The terms of article 17.151 are mandatory. *Ex parte Kernahan*, 657 S.W.2d 433, 434 (Tex. Crim. App. 1983). When article

–4–

17.151 is triggered, "the accused *must be released* either on personal bond or by reducing the amount of bail required. If the court chooses to reduce the amount of bail required, it must reduce bail required to an amount that the record reflects an accused can make in order to effectuate release." *Rowe v. State*, 853 S.W.2d 581, 582 n.1 (Tex. Crim. App. 1993) (emphasis in original). The trial court may not deny relief based upon outside factors and deficiencies in the record that are irrelevant to an article 17.151 evaluation such as the nature of the offense, the accused's criminal record, an evaluation of whether the accused presents a continuing danger to the community, deficiencies of proof regarding what bond premium the accused could afford, or a lack of detail about the accused's sources or amount of income. *See Ex parte Gill*, 413 S.W.3d 425, 431 (Tex. Crim. App. 2013).

In his sole issue on appeal, appellant contends the trial court erred in not granting him relief because the State failed to meet its burden under article 17.151 to show that it was ready for trial within ninety days of his incarceration. The State concedes appellant was in custody for over ninety days and it was not ready for trial within the ninety-day period. Nevertheless, the State contends the trial court properly denied relief because appellant failed to prove he could not post bail in the amount of $250,000.

Although appellant represented in two "election of counsel" forms that he had no income or assets, Campbell's testimony shows otherwise, and appellant did, in fact, post a $100,000 bond in July 2015. Without evidence of a material change in appellant's financial circumstances, we cannot conclude the trial court abused its discretion in refusing to release appellant on a personal recognizance bond. *See Rowe*, 853 S.W.2d at 582 (holding accused must be released on personal recognizance bond if record shows he could not make any bond).

Thus, we turn to the second prong of article 17.151 and review the trial court's determination not to reduce appellant's bail to effectuate his release. Citing three appellate cases

that predate *Gill*, the State urges us to hold appellant to a high burden of proof regarding his ability to pay the existing bail in these cases. The State argues that appellant's proof was inadequate because neither he nor Brandy testified, he offered no exhibits to show he could not afford the current bail and what bail he could afford, and Campbell's assessment of appellant's finances lacked credibility because she did not explain how she knew about appellant's finances, did not expressly state she knew the amount of appellant's bail, and admitted she did not even know if appellant owned a house. We conclude the State's position is at odds with both the language of article 17.151 and the interpretation of article 17.151 in *Gill* and *Rowe*.

Article 17.151 makes clear that appellant's release, either on reduced bail or his own recognizance, is mandatory. *See* article 17.151, §1 (providing accused "must be released" when statute's conditions are met); *Gill*, 413 S.W.3d at 430 (article 17.151 mandates release when State unready for trial and accused has been held on felony charge over ninety days). If the trial court decides to reduce the bail, the statute requires the trial court to reduce the bail to an amount that the record shows the accused can make. *See Rowe*, 853 S.W.2d at 582 n.1.

In appellant's case, there is no evidence in the record showing appellant has the ability to post $250,000 in bail or showing that the amount of the bail set ever bore any relationship to appellant's financial circumstances. The record in this case contains Campbell's testimony that appellant has meager resources, substantial family obligations, and no ability to post $250,000 in bonds. As in *Gill*, nothing in the record before us suggests the trial court made any adverse credibility determination against Campbell's testimony. *See Gill*, 413 S.W.3d at 431. Moreover, the trial court found appellant to be indigent and appointed counsel for him.

The record shows the trial court made no attempt to reduce bail to an amount that would effectuate appellant's release as mandated by article 17.151. Neither party has notified the Court of a disposition in the case. To the extent the trial court is concerned about releasing appellant

–6–

back into the community, the trial court may place conditions upon appellant's release that will ensure the safety of victims and the community. *See* TEX. CODE CRIM. PROC. ANN. art. 17.40(a) (West 2015); *Gill*, 413 S.W.3d at 430–31.

In light of the mandatory nature of article 17.151, we conclude the trial court abused its discretion in failing to reduce appellant's bail to an amount he could post and obtain his release from custody. *See Gill*, 413 S.W.3d at 431–33; *Rowe*, 853 S.W.2d at 582 n.1. We grant appellant's sole issue on appeal.

We reverse the trial court's order denying relief on appellant's applications for writ of habeas corpus. We remand this case to the trial court with instructions to reduce the amount of bail required to an amount that the record reflects appellant can make in order to effectuate his release from custody pending trial. As we have ordered above, the mandate shall issue immediately.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
160892F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE JOSEPH BEATY

No. 05-16-00892-CR

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-76000-T.
Opinion delivered by Justice Stoddart. Justices Francis and Schenck participating.

Based on the Court's opinion of this date, the trial court's order denying relief on appellant's application for writ of habeas corpus is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 28th day of December, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE JOSEPH BEATY

No. 05-16-00893-CR

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-76098-T.
Opinion delivered by Justice Stoddart. Justices Francis and Schenck participating.

Based on the Court's opinion of this date, the trial court's order denying relief on appellant's application for writ of habeas corpus is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 28th day of December, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE JOSEPH BEATY

No. 05-16-00894-CR

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-76103-T.
Opinion delivered by Justice Stoddart. Justices Francis and Schenck participating.

Based on the Court's opinion of this date, the trial court's order denying relief on appellant's application for writ of habeas corpus is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 28th day of December, 2016.