# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00494-CR

## Ex parte Randle Jackson III

### FROM THE 27TH DISTRICT COURT OF BELL COUNTY
### NO. 78084, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Randle Jackson III seeks to appeal the trial court's denial of his application for writ of habeas corpus for reduction of bail under Article 17.151 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 17.151, § 1. The clerk's record contains a trial-court certification reflecting that "there is no order upon which an appeal may be taken." However, it is unclear from the record whether Jackson has a right of appeal.

The record before us reflects that Jackson filed a pro se motion to reduce bond on November 9, 2017, seeking a reduction of allegedly excessive bail. He also filed a pro se application for writ of habeas corpus on April 30, 2018, seeking relief under Article 17.151. Jackson contended in that application that the State was not ready for trial within 90 days, and thus, the trial court should either release him on a personal bond or reduce his bail amount to an amount that he "'can make in order to effectuate release.'" *Ex parte Gill*, 413 S.W.3d 425,

428-29 (Tex. Crim. App. 2013) (quoting *Rowe v. State*, 853 S.W.2d 581, 582 n.1 (Tex. Crim. App. 1993) and applying Article 17.151).

On July 17, 2018, it appears from the docket sheet that the trial court conducted a bond hearing at which Jackson argued that the State was not ready in 90 days.[1] The docket sheet further states "17.151 motion denied — bond reduced to 100,000." From the record, it is unclear whether the trial court ruled on Jackson's pro se motion to reduce bond, which is not an appealable order, or Jackson's application for writ of habeas corpus, which is an appealable order. *Compare Ragston v. State*, 424 S.W.3d 49, 50 (Tex. Crim. App. 2014) (holding courts of appeals do not have jurisdiction to consider interlocutory appeals of denials of pretrial motions for bond reduction) *with e.g.*, *Ex parte Gill*, 413 S.W.3d at 426 (considering appeal from denial of application for writ of habeas corpus under Article 17.151). However, we observe that the Article 17.151 claim was raised only in Jackson's application for writ of habeas corpus, not in his motion to reduce bond. Therefore, based on the record before this Court, it appears that the trial court's certification signed on July 24, 2018, may be incorrect. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (explaining that when determining whether appellant has right to appeal, appellate courts examine trial court's certification for defectiveness, defined as certification that is "correct in form but which, when compared to the record before the court, proves to be inaccurate").

Accordingly, we abate this cause and remand it to the trial court for entry of the appropriate signed order on either Jackson's motion to reduce bond or his pretrial application for writ of habeas corpus. *See* Tex. R. App. P. 44.4(b) (requiring appellate court to direct trial court

---

[1] On July 11, 2018, the trial court considered Jackson's motion for self-representation and his appointed counsel's motion to withdraw and ordered that Jackson would be allowed to represent himself with stand-by counsel to be appointed. At the time of the hearing, Jackson represented himself pro se.

to correct remediable error that prevents proper presentation of appeal). Once entered, the signed order and the appropriate trial court certification of appellant's right to appeal shall be included in a supplemental clerk's record and filed with this Court no later than October 22, 2018. *See* Tex. R. App. P. 25.2(a)(2) (requiring trial court to enter certification of defendant's right of appeal "each time it enters a judgment of guilt or other appealable order"), (d) (requiring record to include certification).

It is so ordered September 21, 2018.


Before Justices Goodwin, Field, and Bourland

Abated and Remanded

Filed:   September 21, 2018

Do Not Publish