

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00140-CR

## EX PARTE RAQWUAN ANTONE WARREN

**From the 443rd District Court**
**Ellis County, Texas**
**Trial Court No. 19,067**

## MEMORANDUM OPINION

Appellant Raqwuan Antone Warren appeals the trial court's denial of his application for a petition for writ of *habeas corpus* seeking release on a personal recognizance bond. The State concedes that the trial court erred in failing to set a PR bond because Warren was incarcerated for more than ninety days, the State was not ready for trial, and the only evidence before the trial court showed that Warren had no assets to enable him to post a bond. We will reverse.

We review a trial court's pretrial bond determination under an abuse-of-discretion standard. *Ex parte Brossett*, 524 S.W.3d 273, 276 (Tex. App.—Waco 2016, pet. ref'd). A trial court abuses its discretion when it applies "an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct

law and facts viewed in the light most favorable to its legal conclusion." *Ex parte Smith*, 486 S.W.3d 62, 64 (Tex. App.—Texarkana 2016, no pet.) (quoting *DuBose v. State*, 915 S.W.2d 493, 497-98 (Tex. Crim. App. 1996), *overruled on other grounds by Guzman v. State*, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997)).

Article 17.151 of the Code of Criminal Procedure provides, in pertinent part:

Sec. 1.  A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

(1)  90 days from the commencement of his detention if he is accused of a felony. . . .

TEX. CODE CRIM. PROC. ANN. art. 17.151.  Article 17.151 is mandatory.  *Pharris v. State*, 196 S.W.3d 369, 373 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  When it is undisputed that the State is not ready for trial ninety days after an accused's arrest, a judge has only two options under article 17.151:  "either release the accused upon personal bond or reduce the bail amount."  *Ex parte Gill*, 413 S.W.3d 425, 429 (Tex. Crim. App. 2013) (footnote omitted) (citing *Rowe v. State*, 853 S.W.2d 581, 582 (Tex. Crim. App. 1993)).  "If the court chooses to reduce the amount of bail required, it must reduce bail required to an amount that the record reflects an accused can make in order to effectuate the release." *Id*. (footnote omitted).

The record reflects that a warrant was issued by Ellis County for Warren's arrest on November 16, 2018.  The arrest warrant listed the charge against Warren as sexual assault of a child and recommended a bond of $50,000.  Warren was arrested and booked into the Dallas County jail on December 16, 2018 on the sexual assault of a child charge,

as well as other charges out of Dallas and Rockwall Counties. A Dallas County magistrate set bond for Warren on the sexual assault of a child charge at the recommended $50,000, plus additional amounts for the Dallas and Rockwall County charges.

The 443rd Judicial District Court of Ellis County held a bond hearing on April 15, 2019 and orally reduced Warren's bond to $35,000. The district court noted:

> The Court does find that Mr. Warren has been in jail for over 90 days and no indictment has been filed on this case. He was given a bond in - - I think it looks like it's in Dallas County at Lew Sterrett on December 16, 2018, so obviously they knew that there was a warrant out for him. So I'm going to count that as his continuous confinement. He does have two trials - - or two cases pending in Dallas or Mesquite, Texas, and then a misdemeanor DWI in Rockwall County.

> The Court is going to lower the bond. He's (sic) not going to give Mr. Warren PR bond. The Court is lowering the bond to $35,000 with conditions. [1]

The State concedes, and we have found, that there is nothing in the record to establish that Warren has the ability to post $35,000 for a bond or that the amount of the bond set by the district court bears any relationship to Warren's financial circumstances. Warren testified that he could not post a bond because he has no income or other assets, he lives with his father, and he has three children to support. The State acknowledges that is the only evidence in the record regarding Warren's ability to make bond. As in

---

[1] The district court's order signed April 15, 2019 mistakenly directed the payment of a $35,000 PR bond. Warren filed a notice of appeal on April 16, 2019, but then moved to dismiss the appeal after noticing that the order granted a PR bond. The district court entered another order signed May 3, 2019, designated a "*Nunc Pro Tunc* Order of Release," that ordered payment of a $35,000 bond, eliminating the PR portion of the order. Warren then filed a second notice of appeal in this same cause number as to the *nunc pro tunc* order. Warren moves to proceed on the second notice of appeal regarding the *nunc pro tunc* order of release. We grant Warren's Motion to Proceed on Notice of Appeal on *Nunc Pro Tunc* Order of Release and will analyze this appeal as it relates to the *nunc pro tunc* order. Warren's Motion to Dismiss Appeal is dismissed as moot.

*Gill*, there is nothing in the record before us to suggest the trial court made any adverse credibility determination regarding Warren's testimony.

The district court abused its discretion in setting a $35,000 bond because Warren was detained in jail over ninety days without being indicted, the State was not ready for trial, and the record contains no evidence that Warren is able to afford a bond. We reverse the district court's order denying Warren's article 17.151 petition for *habeas corpus* relief and remand this cause to the district court for further proceedings consistent with this opinion. The mandate in this case shall issue immediately. *See* Tex. R. App. P. 2, 39.8; *see also Ex parte Pilkington*, 494 S.W.3d 330, 339 n.5 (Tex. App.—Waco 2015, no pet.) ("To expedite these matters, we invoke Rule 2 to submit these cases and issue this opinion without notice under Rule 39.8."); *Smith*, 486 S.W.3d at 70 (citing Tex. R. App. P. 2) (recognizing authority of appellate court to suspend rules, including time frame for issuance of mandate, to expedite decision).


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Reversed; motions granted and dismissed
Opinion delivered and filed October 2, 2019
Do not publish
[CR25]

