

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0243-21

### EX PARTE ALLEN CHRISTOPHER LANCLOS, Appellant

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### HARDIN COUNTY

**YEARY, J.,** filed a dissenting opinion.

### <u>DISSENTING OPINION</u>

The court of appeals in this case rightly observed that the appellate standard for reviewing a trial court's resolution of a motion to reduce the amount of bail required under Article 17.151 of the Texas Code of Criminal Procedure is an abuse of discretion. *Ex parte Lanclos*, No. 09-20-00296-CR, 2021 WL 895837, at *2 (Tex. App.—Beaumont Mar. 10, 2021) (mem. op., not designated for publication) (citing *Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013)); TEX. CODE CRIM. PROC. art. 17.151. It is true that this Court said in *Rowe v. State*, 853 S.W.2d 581, 582 (Tex. Crim. App. 1993), that:

> Article 17.151 provides that if the State is not ready for trial within 90 days after commencement of detention for a felony, the accused "must be released either on personal bond or by reducing the amount of bail required[.]" Thus

the trial court has two options: release upon personal bond or reduce the bail amount.

Moreover, in *Gill*, the Court observed that the trial court's "decision-making process" under Article 17.151 must "result[] in the accused's release." 413 S.W.3d at 430. But none of this changes the fact that, if the trial court opts to satisfy Article 17.151 by reducing the amount of bail required, it must make a finding of fact with respect to what amount of bail the accused can afford so as to effectuate his release.

As is the case whenever the application of law turns on the resolution of a factual question, it is sometimes necessary for an appellate court to determine which party bears the burden of proof upon that fact issue. *See* Atty. Gen. Op. H-1130 (1978) ("The amount of reduction necessary to release the defendant will depend on the facts of each case."). In the instant case, the record was silent with respect to what amount of bail Appellant could afford, such that the trial court was given no guidance with respect to how substantially to reduce Appellant's bail. Whether the trial court abused its discretion in reducing Appellant's bail by only $750,000, from $2,250,000 to $1,500,000, then, will depend upon which party bore the burden of establishing how much bail Appellant could afford.

The court of appeals effectively placed that evidentiary burden on Appellant:

> Lanclos presented no testimonial or documentary evidence regarding his assets and financial resources. * * * Based on this record, the trial court could have reasonably concluded that Lanclos's evidence regarding his financial circumstances was inadequate and that it was justified in reducing Lanclos's total bonds from $2,250,000 to $1,500,000.

*Lanclos*, 2021 WL 895837, at *2. In other words, the absence of any evidence with respect to how much bail Appellant could actually afford was a circumstance that cut against a

conclusion that the trial court abused its discretion in failing to reduce the bail amount sufficiently under Article 17.151.

Placing the evidentiary burden on the accused to show what the appropriate bail reduction would be certainly makes sense. After all, he is the beneficiary of the bail reduction provision contained in Article 17.151. Moreover, he is in the best position to know, and to prove, what his own financial resources are, and hence, the amount of bail reduction that would ensure his release under that provision. The Court today fails to explain why the trial court erred in reducing Applicant's bond only to the extent that it did given this paucity of proof. In fact, the Court reverses the court of appeals without ever directly mentioning which party should bear the burden of proof.

The Court acknowledges the State's argument that "the court of appeals properly concluded that Appellant did not meet his burden of showing his inability to make bail in the set amount." Majority Opinion at 3. The Court simply responds: "We rejected similar arguments in *Gill*. 413 S.W.3d at 431." *Id*. But the Court did not discuss which party had the burden of proof in *Gill*, or for that matter, in any of the other opinions over the years that have construed Article 17.151. We have simply never addressed the question squarely.

Perhaps there is a good reason we have never before addressed whose burden it is to establish an inability to make bail in the set amount. In every case that has come before us up until now, there was evidence in the record that showed that the accused could not meet the bail amount even as reduced. *See Gill*, 413 S.W.3d at 427 (record testimony that "the extent of [Gill's] financial wherewithal was the $100 in his jail commissary account"); *Rowe*, 853 S.W.2d at 582 (the record showed that the accused could not make bail in any

amount); *Kernahan v. State*, 657 S.W.2d 433, 434 (Tex. Crim. App. 1983) (the record showed that the accused had no money or available assets—at all). In none of these cases was the record silent with respect to the accused's ability to make bail even at the reduced amount, as here. And there was therefore, in those cases, no need for the Court to address whether the accused had an evidentiary burden.

In the face of a record that simply does not speak to whether Appellant could afford bail in the reduced amount, I cannot fault the court of appeals for concluding that the trial court did not abuse its discretion. I therefore respectfully dissent.


FILED:                          June 30, 2021
PUBLISH